THE HONORABLE THOMAS S. ZILLY

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRANK "JOE" MENDEZ, an individual, on behalf of himself and others similarly situated; DONALD MAX KIMBALL, an individual, on behalf of himself and others similarly situated; and SIA GOULD, an individual, on behalf of herself and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>STEELSCAPE WASHINGTON, LLC, a Washington limited liability company; and STEELSCAPE, LLC, a foreign limited liability company,<br><br>Defendants. | C19-5691 TSZ<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

**ORDER**

Plaintiffs Frank "Joe" Mendez, Donald Max Kimball, and Sia Gould, on behalf of themselves and on behalf other similarly situated persons, filed a Motion for Preliminary Approval of Class Action Settlement. Dkt. No. 32. Defendants Steelscape Washington, LLC, and Steelscape, LLC (collectively "Steelscape"), do not oppose this motion in regard to the parties' settlement. This Court, having considered the Motion for Preliminary

ORDER GRANTING
MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT – 1
C19-5691 TSZ

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

Approval, the Declaration of Donald W. Heyrich, the parties' Joint Status Report, and related exhibits, hereby orders as follows:

1. The terms of the Settlement Agreement and the negotiated settlement therein are preliminarily approved as fair, reasonable and adequate, subject to further consideration thereof at the Final Approval Hearing, as specified in Paragraphs 21 and 22 of this Order.

2. The definitions contained within the Settlement Agreement are hereby incorporated by reference into this Order.

3. The Court has jurisdiction over the subject matter of this case and the Parties, including members of the Settlement Class, and venue is proper in this District.

4. For purposes of settlement only, and without prejudice to Steelscape's right to contest class certification in the event the proposed Settlement Agreement is not fully implemented or otherwise fails in its negotiated terms, the Court finds that the requirements of Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure are satisfied. The Court further finds that Plaintiffs Mendez, Kimball and Gould, together with their Class Counsel, are adequate representatives of the Settlement Class.

5. For purposes of settlement only, and without prejudice to Steelscape's right to contest class certification in the event the proposed Settlement Agreement is not fully implemented or otherwise fails in its negotiated terms, the terms of settlement as set forth in the Settlement Agreement is preliminarily approved because it is within the range of approval as fair, reasonable, and adequate. Accordingly, the Settlement Notice shall be issued to the eligible members of the Settlement Class, and distributed by the Settlement Administrator.

6. The Court hereby provisionally certifies the following Settlement Class in accordance with the Settlement Agreement, and pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3), for the purposes of settlement:

ORDER GRANTING
MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT – 2
C19-5691 TSZ

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

> [A]ll current and former employees of Defendants who were employed in production positions during Fiscal Year 2017 and/or Fiscal Year 2018 at Defendants' facility in Kalama, Washington and who received a fiscal-year-end bonus for: (a) Fiscal Year 2017 under the Steelscape LLC Kalama Production Employees Pay for Performance FY17 bonus opportunity; and or (b) Fiscal Year 2018 under the Coated Products North America (CPNA) Bonus Pay for Performance Steelscape Production & Production Support bonus opportunity.

7. For purposes of settlement only, and without prejudice to Steelscape's right to contest class certification in the event the proposed Settlement Agreement is not fully implemented or otherwise fails in its negotiated terms, Plaintiffs Mendez, Kimball and Gould shall be Representatives of the Settlement Class, and Plaintiff's counsel of record is appointed as qualified counsel for the Settlement Class ("Class Counsel"). The law firm representing the Settlement Class and who shall serve as Class Counsel are:

> Donald W. Heyrich
> Erin S. Norgaard
> Brin L. Dolman
> HKM Employment Attorneys
> 600 Stewart Street, Suite 901
> Seattle, WA 98101

8. JND Legal Administration is hereby appointed as Settlement Administrator.

9. Steelscape is hereby ordered, in accordance with Paragraph 11.b. of the Settlement Agreement, to prepare and provide a list of the eligible members of the Settlement Class with current contact information, and transmit the same to the Settlement Administrator within 10 business days of this Order.

10. The Settlement Administrator shall carry out all duties and responsibilities specified in the Settlement Agreement, and use the information transmitted by Steelscape solely for the purpose of communicating with the Settlement Class and implementing the intended purpose of the Settlement Agreement.

ORDER GRANTING
MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT – 3
C19-5691 TSZ

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

11. The Parties, Steelscape's Counsel, and Class Counsel shall comply with the terms of the Settlement Agreement, which are hereby incorporated by reference into this Order.

12. The proposed Settlement Notice, attached as Exhibit 1 to the Joint Status Report, docket no. 35-1, is hereby approved. Counsel for the Parties, in cooperation with the Settlement Administrator, are authorized to make appropriate edits to the Settlement Notice consistent with this Order.

13. Within 10 business days following receipt of the Settlement Class information from Steelscape (20 business days from the issuance of this Order), in accordance with Paragraph 11.b. of the Settlement Agreement, the Settlement Administrator shall mail the Settlement Notice to the eligible members of the Settlement Class. The Settlement Notice shall include information for the dates for the opt-out deadline, the deadline to object or comment in writing, and the date for the Final Approval Hearing.

14. The reasonable costs and expenses of printing and mailing the Settlement Notice, professional settlement administration services, and other related administrative expenses shall be borne by the Settlement Class.

15. Within 10 business days following the opt-out deadline, in accordance with Paragraph 11.f. of the Settlement Agreement, the Settlement Administrator shall provide to Counsel for the Parties a sworn declaration in the form of the Settlement Administrator's Report. Class Counsel shall file with this Court the Settlement Administrator's Report as part of the pleadings in support of Final Approval.

16. The Settlement Notice to the eligible members of the Settlement Class, in accordance with Paragraph 11.b. of the Settlement Agreement, is hereby found to be: (a) the best Settlement Notice practicable under the circumstances; (b) valid, due and sufficient notice of this Order to all persons affected by and/or entitled to participate in the

ORDER GRANTING
MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT – 4
C19-5691 TSZ

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

settlement; and (c) in full compliance with the notice requirements of Fed.R.Civ.P. 23 and due process to all persons entitled to such Settlement Notice.

17. Any member of the Settlement Class wishing to be excluded from the Settlement Class shall communicate such a request to the Settlement Administrator, in accordance with the Settlement Notice and Paragraph 11.c. of the Settlement Agreement. The members of the Settlement Class must communicate by email, first class mail, or facsimile transmission, an Opt-Out Request on or before 60 calendar days following entry of this Order.  Any Opt-Out Request that does not include all the required information and/or is not received in compliance with the Opt-Out Deadline will not be honored.  The written request must include the individual's name, address, request for exclusion, and signature; if sent by email, the signed request for exclusion must be scanned and included as an attachment to the email.  Any member of the Settlement Class who does not properly and timely submit a request for exclusion shall be included in the Settlement Class and shall be bound by the determinations of this Court, and any Final Judgment entered in this case, if this settlement receives Final Approval from this Court.  The specific date for the Opt-Out Deadline shall be set forth in the Settlement Notice.

18. The Settlement Administrator, in accordance with Paragraph 11.c. of the Settlement Agreement, shall be responsible for the receipt of all Opt-Out Requests and shall preserve all such communications until administration is complete or further order of the Court.  All written communications received from the eligible members of the Settlement Class to the Settlement Administrator, and all responses, relating to the Settlement Agreement shall reasonably be available to Steelscape's Counsel and Class Counsel for inspection and copying, subject to further Order of the Court.  The Settlement Notice shall identify the Settlement Administrator as the designee for receiving Opt-Out Requests.

ORDER GRANTING
MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT – 5
C19-5691 TSZ

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

19. All other events contemplated under the Settlement Agreement occur after this Order and before the Final Approval Hearing described in Paragraphs 21 and 22 of this Order shall be governed by the Settlement Agreement, not inconsistent with this Order.

20. Any petitions for attorneys' fees and reimbursement of expenses by Class Counsel, and/or requests for service awards, shall be filed not later than 30 calendar days prior to the Deadline for Written Objections prior to the Final Approval Hearing. Any pleadings in support of Final Approval shall be filed no later than 7 business days prior to the Final Approval Hearing.

21. A Final Approval Hearing shall be held before the undersigned at **10:00** a.m. on **February 22, 2022**, in the United States District Court for the Western District of Washington at Seattle, 700 Stewart Street, Seattle, Washington 98101. Alternatively, the Court may issue a notice to the Parties and the Settlement Class with connection information for a virtual Final Approval Hearing. At the Final Approval Hearing, the Court will consider the fairness, reasonableness, and adequacy of the settlement, the entry of any final Order or Judgment in the case, petitions for attorneys' fees and for reimbursement of expenses by Class Counsel, the issuance of service awards, if any, and other related matters. The Final Approval Hearing may be postponed, adjourned, or continued by Order of the Court.

22. Any member of the Settlement Class who does not opt out of the settlement may appear at the Final Approval Hearing in person or by counsel, and will be heard to the extent allowed by the Court in support of, or in opposition to, the fairness, reasonableness, and adequacy of the Settlement Agreement, the entry of any final Order or Judgment in the case, petitions for attorneys' fees and for reimbursement of expenses by Class Counsel, the issuance of service awards, if any, and other related matters.

23. If the Settlement Agreement is not fully implemented, or if the Settlement Agreement is otherwise terminated for any lawful reason, all proceedings, orders, and

ORDER GRANTING
MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT – 6
C19-5691 TSZ

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

actions taken in furtherance of the Settlement Agreement shall be without prejudice to the rights of the Parties, and all orders issued pursuant to the Settlement Agreement shall be vacated.  Evidence of the Settlement Agreement, negotiations, proceedings, documents, or statements shall not be used for the purpose of any subsequent proceedings in this case.

24. Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement Agreement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

**IT IS SO ORDERED.**

DATED this 12th of October, 2021.

_____
HONORABLE THOMAS S. ZILLY
United States District Judge

ORDER GRANTING
MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT – 7
C19-5691 TSZ

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504