1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

THE HONORABLE THOMAS S. ZILLY

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRANK "JOE" MENDEZ, an individual, on
behalf of himself and others similarly situated;
DONALD MAX KIMBALL, an individual, on
behalf of himself and others similarly situated;
and SIA GOULD, an individual, on behalf of
herself and others similarly situated,

                  Plaintiffs,

vs.

STEELSCAPE WASHINGTON, LLC, a
Washington limited liability company; and
STEELSCAPE, LLC, a foreign limited liability
company,

                  Defendants.

NO. 3:19-cv-05691-TSZ

**PLAINTIFFS' MOTION FOR
APPROVAL OF ATTORNEYS'
FEES, CASE COSTS, AND
ENHANCEMENT AWARDS**

NOTE ON MOTION CALENDAR:
January 5, 2022

PLAINTIFFS' MOTION FOR APPROVAL
OF ATTORNEYS' FEES, CASE COSTS,
AND ENHANCEMENT AWARDS
Case No. 3:19-cv-05691-TSZ

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

1

2

**TABLE OF CONTENTS**

Page

I.      INTRODUCTION AND RELIEF REQUESTED............................................. 1

II.     APPROVAL OF ATTORNEYS' FEES IS APPROPRIATE ......................... 1

        A.  Plaintiff's Dedicated Significant Time and Effort to
            Achieve this Outcome................................................................... 2

        B.  The Settlement Provides Substantial Relief for the Class........................... 4

        C.  Application of the Percentage-of-the-Fund Method is Warranted............. 5

        D.  Percentage-of-the-Fund Analysis Supports Counsels' Fee Request.......... 8

            1.  The Fees Requested – 25% of the Gross Settlement Fund –
                Are Less than the Amount Fees Awarded in Similar Class Actions ...... 8

            2.  Lodestar Cross-Check Confirms Reasonableness of Fee Award ......... 10

            3.  Class Counsel Faced Substantial Risk of Non-Payment ..................... 13

        E.  The Payment of Costs is Fair and Reasonable......................................... 15

III.    ENHANCEMENT AWARDS SHOULD BE APPROVED ......................... 15

IV.     CONCLUSION............................................................................................. 17

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' MOTION FOR APPROVAL
OF ATTORNEYS' FEES, CASE COSTS,
AND ENHANCEMENT AWARDS - i
Case No. 3:19-cv-05691-TSZ

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

1

# TABLE OF AUTHORITIES

2

**Cases** <span style="float:right">Page</span>

3

*Arthur v. Sallie Mae, Inc.*,

4
  C10-00198 JLR (W.D. Wash. Sept. 2012)....................................................................... 12

5
*Baker v. Navient Solutions, LLC.*,

6
  Case No. 1:17-cv-1160 (LMB/JFA) (E.D. Va. Feb. 8, 2019) ........................................ 12

7
*Barjon v. Dalton*,
  132 F.3d 496 (9th Cir. 1997)............................................................................................ 10

8

9
*Bellinghausen v. Tractor Supply Company*,
  306 F.R.D. 245 (N.D. Cal. 2015) ................................................................................. 5, 10

10

11
*Boeing Co. v. Van Gemert*,
  444 U.S. 472 (1980) ...................................................................................................... 6, 7

12
*Bond* v. *Ferguson Enterprises, Inc.*,
  Case No. 09-cv-1662 OWW MJS, 2011 WL 2648879 (E.D. Cal. June 30, 2011).......... 8

13

14
*Boyd v. Bank of Am. Corp.*,
  Case No. SACV 13-0561-DOC, 2014 WL 6473804 (C.D. Cal. Nov. 18, 2014).......... 14

15

16
*Buccellato v. AT&T Operations, Inc.*,
  2011 WL 3348055 (N.D. Cal. June 30, 2011) ............................................................... 13

17

18
*Camacho v. Bridgeport Fin. Servs.*,
  523 F.3d 973 (9th Cir. 2008).......................................................................................... 10

19
*Central R.R. & Banking Co. v. Pettus*,
  113 U.S. 116 (1885) ......................................................................................................... 6

20

21
*Cervantez v. Celestica Corp.*,
  Case No. EDCV 07-729-VAP, 2010 WL 2712267 (C.D. Cal. July 6, 2010) ............ 5, 10

22

23
*Cook v. Niedert*,
  142 F.3d 1004 (7th Cir. 1998)......................................................................................... 16

24
*Craft v. County of San Bernardino*,
  624 F.Supp.2d 1113 (C.D. Cal. 2008)............................................................................. 8

25

26

PLAINTIFFS' MOTION FOR APPROVAL
OF ATTORNEYS' FEES, CASE COSTS,
AND ENHANCEMENT AWARDS - ii
Case No. 3:19-cv-05691-TSZ

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

*Davis v. Mutual Life Ins. Co.*,
  6 F.3d 367 (6th Cir. 1983) ........................................................................................ 14

*Dell v. Carideo*,
  No. C06-1772 JLR (W.D. Wash. 2010) ...................................................................... 11

*Gardner v. Capital Options, LLC et al.*,
  No. C07-1918 (W.D. Wash. 2009) .............................................................................. 11

*Glass v. UBS Fin. Servs., Inc.*,
  C-06-4068 MMC, 2007 WL 221862 (N.D. Cal. Jan. 26, 2007),
  affirmed, 331 Fed.Appx. 452 (9th Cir. 2009) ............................................................ 17

*Global Educ. Svcs. v. Intuit, Inc.*,
  No. C09-944 RSL (W.D. Wash. 2011) ........................................................................ 11

*Hageman v. AT&T Mobility LLC*,
  No. CV 13-50-BLG-RWA, 2015 WL 9855925 (D. Mont. Feb. 11, 2015) ..................... 9

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) .................................................................................... 10

*Hartless v. Clorox Co.*,
  273 F.R.D. 630 (S.D. Cal. 2011) ................................................................................ 16

*Hill v. Garda CL Northwest, Inc.*,
  191 Wn.2d 553, 424 P.3d 207 (2018) .......................................................................... 5

*Hughes v. Microsoft Corp.*,
  C98-1646C, 93-0178C, 2001 WL 34089697 (W.D. Wash. Mar. 26, 2001) ................. 16

*Khadera v. ABM Indus., Inc.*,
  C08-0417 RSM (W.D. Wash. Oct. 2012) ................................................................... 11

*In re Activision Sec. Litig.*,
  723 F.Supp. 1373 (N.D. Cal. 1989) .............................................................................. 8

*In re Immune Response Sec. Litig.*,
  497 F.Supp.2d 1166 (S.D. Cal. 2007) ........................................................................ 15

*In re Media Vision Tech. Sec. Litig.*,
  913 F.Supp. 1362 (N.D. Call. 1996) .......................................................................... 15

PLAINTIFFS' MOTION FOR APPROVAL
OF ATTORNEYS' FEES, CASE COSTS,
AND ENHANCEMENT AWARDS - iii
Case No. 3:19-cv-05691-TSZ

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

*In re Mego Fin. Corp. Sec. Litig.*,
  213 F.3d 454 (9th Cir. 2000)................................................................................. 9, 16

*In re Omnivision Techs., Inc.*,
  559 F.Supp.2d 1036 (N.D. Cal. 2007) ............................................................ 6, 9, 15

*In re Optical Disk Drive Prods. Antitrust Litig.*,
  959 F.3d 922 (9th Cir. 2020)...................................................................................... 12

*In re Pacific Enterprises Sec. Litig.*,
  47 F.3d 373 (9th Cir. 1995)......................................................................................... 9

*In re Rite Aid Corp. Sec. Litig.*,
  362 F. Supp. 2d 587 (E.D. Pa. 2005) ........................................................................ 12

*In re Washington Public Power Supply Sys. Sec. Litig.*,
  19 F.3d 1291 (9th Cir. 1994).................................................................................. 6, 13

*Joseph v. TrueBlue, Inc.*,
  Case No. 3:14-cv-05963-BHS ............................................................................ 11, 12

*Lopez v. Youngblood*,
  Case No. CV-F-07-0474 DLB, 2011 WL 10483569 (E.D. Cal. Sept. 2, 2011).............. 9

*Maley v. Del Glob. Techs. Corp.*,
  186 F.Supp.2d 358 (S.D.N.Y. 2002) ......................................................................... 13

*Millan v. Cascade Water Services, Inc.*,
  Case No. 12-cv-01821-AWI-EPG, 2016 WL 3077710 (E.D. Cal May 13, 2016) .... 5, 10

*Missouri v. Jenkins by Agyei*,
  491 U.S. 274 (1989) .................................................................................................... 7

*Moreno v. City of Sacramento*,
  534 F.3d 1106 (9th Cir. 2008).................................................................................... 11

*Nitsch v. DreamWorks Animation SKG Inc.*,
  Case No. 14-CV-04062-LHK, 2017 WL 2423161 (N.D. Cal. June 5, 2017)............... 13

*Palmer v. Spring Solutions, Inc.*,
  C9-1211 JLR, Dkt. No. 90 (W.D. Wash. Oct. 21, 2011) ............................................ 11

*Paul, Johnson, Alston & Hunt v. Graulty*,
  886 F.2d 268 (9th Cir. 1989)................................................................................... 6, 8

PLAINTIFFS' MOTION FOR APPROVAL
OF ATTORNEYS' FEES, CASE COSTS,
AND ENHANCEMENT AWARDS - iv
Case No. 3:19-cv-05691-TSZ

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

*Pelletz v. Weyerhaeuser Co.,*
    592 F. Supp. 2d 1322 (W.D. Wash. 2009) ................................................................ 11, 16

*Pennsylvania v. Delaware Valley Citizens' Counsel for Clean Air,*
    483 U.S. 711 (1987) ................................................................................................ 15

*Rabin v. Concord Assets Grp., Inc.,*
    1991 WL 275757 (S.D.N.Y. Dec. 19, 1991) ............................................................ 13

*Reyes v. Experian Info. Solutions, Inc.,*
    856 Fed.Appx. 108 (9th Cir. 2021) .......................................................................... 13

*Rodriguez v. W. Publ'g Corp.,*
    563 F.3d 948 (9th Cir. 2009) .................................................................................... 16

*Romero v. Producers Dairy Foods, Inc.,*
    Case No. 05-cv-0484 DLB, 2007 WL 3492841 (E.D. Cal. November 14, 2007) . 5, 9, 10

*Six Mexican Workers v. Ariz. Citrus Growers,*
    904 F.2d 1301 (9th Cir. 1990) .................................................................................. 8

*Stanton v. Boeing Co.,*
    327 F.3d 938 (9th Cir. 2003) .............................................................................. 6, 15

*Steiner v. Am. Broad Co.,*
    248 Fed.Appx. 780 (9th Cir. 2007) .......................................................................... 12

*Sutton v. Bernard,*
    504 F.3d 688 (7th Cir. 2007) .................................................................................... 6

*Torrisi v. Tucson Elec. Power Co.,*
    8 F.3d 1370 (9th Cir. 1993) ...................................................................................... 8

*Vandervort v. Balboa Capital Corp.,*
    8 F.Supp.3d 1200 (C.D. Cal. 2014) .......................................................................... 9

*Vincent v. Hughes Air West, Inc.,*
    557 F.2d 759 (9th Cir. 1977) .................................................................................... 6

*Vizcaino v. Microsoft Corp.,*
    290 F.3d 1043 (9th Cir. 2002) ........................................................................ 8, 12, 14

*Wal-Mart Stores, Inc. v. Dukes,*
    564 U.S. 338 (2011) ................................................................................................ 10

PLAINTIFFS' MOTION FOR APPROVAL
OF ATTORNEYS' FEES, CASE COSTS,
AND ENHANCEMENT AWARDS - v
Case No. 3:19-cv-05691-TSZ

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

*Wheeler v. Cobalt Mortgage, Inc.*,
  C14-1847-JCC (W.D. Wash. Oct. 16, 2015) .................................................. 17

*Zwicker v. Gen. Motors Corp.*,
  No. C07-0291 JCC (W.D. Wash. 2008).......................................................... 11

**Other Authorities**

Silber and Goodrich, *Common Funds and Common Problems Fee Objections and Class Counsel's Response*, 17 Rev. Litig. 525, 545 (1998)................................................... 8

Theodore Eisenberg & Geoffrey P. Miller, *Incentive Awards to Class Action Plaintiffs: An Empirical Study*, 53 UCLA L. Rev. 1303, 1311 (2006)..................................... 7, 16, 17

PLAINTIFFS' MOTION FOR APPROVAL
OF ATTORNEYS' FEES, CASE COSTS,
AND ENHANCEMENT AWARDS - vi
Case No. 3:19-cv-05691-TSZ

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## I.   INTRODUCTION AND RELIEF REQUESTED

Plaintiffs Frank "Joe" Mendez, Donald Max Kimball, and Sia Gould, individually and on behalf of the Settlement Class preliminarily approved by this Court (hereinafter collectively referred to as "Plaintiffs") hereby move for the approval of Plaintiffs' attorneys' fees, reimbursement of case costs, and individual enhancement awards for the named plaintiffs.

On October 12, 2021, the Court issued an Order Granting Preliminary Approval of Class Action Settlement pursuant to a settlement agreement between Plaintiffs and Defendants. Dkt. 36. As agreed, this settlement provided for a Gross Settlement Amount [1] of $4,000,000, which is intended to compensate the eligible members of the Settlement Class with an individualized and proportional amount of bonus compensation recovered through this litigation. Dkt. 33, Ex. 1. The Court's Order also required that Plaintiffs submit a motion for approval attorneys' fees and case expenses not later than 30 calendar days prior to the Deadline for Written Objections, and before the Final Approval Hearing. [2] Dkt. 36, ¶ 20. Plaintiffs now request that this Court approve attorneys' fees in the amount of $1,000,000, or 25% of the gross settlement, and reimbursement of Plaintiffs' out-of-pocket costs in the amount of $9,378.99. Plaintiffs also respectfully request that this Court authorize an Enhancement Award of $5,000 each to Plaintiffs Donald Max Kimball and Sia Gould. Dkt. 33, Ex. 1, ¶ 9.

## II.   APPROVAL OF ATTORNEYS' FEES IS APPROPRIATE

This Court preliminarily approved a class action settlement that provides a Gross Settlement Amount of $4,000,000. Dkt. #33, Ex. 1, ¶ 5; Dkt. #36. This sum is subject to a reduction ("Opt Out Adjustment") for any individuals who choose to opt out of this

---

[1] Plaintiffs will use capitalized terms as they are used by the parties in their Settlement Agreement. Dkt. 33, Ex. 1.

[2] Plaintiff are currently unaware of the total expense for the Settlement Administrator's services, which will be known and presented to the Court at the time of Final Approval.

PLAINTIFFS' MOTION FOR APPROVAL
OF ATTORNEYS' FEES, CASE COSTS,
AND ENHANCEMENT AWARDS - 1
Case No. 3:19-cv-05691-TSZ

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

settlement.  *Id.*  Presently, the Settlement Administrator indicates that no member of the Settlement Class has opted out and, therefore, the potential for reduction of the Gross Settlement Amount appears unlikely.  *See Declaration of Jonathan P. Shaffer Regarding Notice and Settlement Administration* (*"Shaffer Decl."*), at p. 4.  Plaintiffs respectfully request that the Court approve attorneys' fees in the amount of $1,000,000, which is an award equal to 25% of the Gross Settlement Amount.  Plaintiffs respectfully request approval of these attorneys' fees to compensate Class Counsel for the time and resources they have expended during the last 2.5 years while this case has been pending.  In addition to approval of attorneys' fees, Plaintiffs further request the Court approve the reimbursement of their out-of-pocket expenditures for case expenses in the amount of $9,378.99.[3]

**A.  Plaintiffs Dedicated Significant Time and Effort to Achieve this Outcome.**

Plaintiff Frank "Joe" Mendez first filed a Complaint in Cowlitz County Superior Court on July 3, 2019, which specified claims for unpaid bonus compensation in this proposed class action.  Plaintiff Mendez brought claims under Washington law for Defendant's failure to pay wages in the form of bonus compensation, breach of contract, breach of the duty of good faith and fair dealing, promissory estoppel, and unjust enrichment. Dkt. 1-2.  Defendants thereafter removed this action to the United States District Court for the Western District of Washington on July 29, 2019.  Dkt. 1.  This Court granted leave to file an Amended Complaint on January 27, 2020.  Dkt. 17.  On January 29, 2020, Plaintiffs filed an Amended Complaint adding Donald Max Kimball and Sia Gould as individual Plaintiffs and as representatives for the proposed class of similarly

---

[3] The Settlement Administrator estimates approximately $10,000 in additional costs, which are compensable pursuant to the parties' Settlement Agreement.  *See*, Dkt. 33, Ex. 1, ¶ 7; *see also*, Declaration of Shaffer at p.4.  As a result, the Settlement Administrator and Plaintiffs will know with certainty at the time of final approval the amount expended for settlement administration services and reimbursement of these expenses will be sought at that time.

PLAINTIFFS' MOTION FOR APPROVAL
OF ATTORNEYS' FEES, CASE COSTS,
AND ENHANCEMENT AWARDS - 2
Case No. 3:19-cv-05691-TSZ

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

1   situated employees.  Dkt. 18.  Defendants filed their Answer to the Amended Complaint on

2   February 12, 2020.  Dkt. 19.

3         This case required Plaintiffs to seek discovery in support of their claims.  Plaintiffs

4   also actively participated in extensive settlement negotiations to achieve this result for the

5   Settlement Class.  The parties, by agreement through their respective counsels, agreed to

6   mediate this case.  Prior to this mediation, Defendants produced company policies,

7   acknowledgments by employees who received the company handbook, emails referencing

8   the performance bonus plan(s), anonymized data detailing bonus pay-outs and percentages

9   of gross income for eligible production workers, the policy language for the bonus plans,

10   and presentation materials published by Defendants when advising the eligible employees

11   of the performance bonus plans.  Plaintiffs and their counsel relied upon the documents

12   produced by Defendants when formulating their negotiation position at mediation.

13         On September 11, 2020, the parties participated in a lengthy mediation session with

14   Mediator Teresa Wakeen, a credentialed, respected mediator with substantial experience as

15   a neutral on cases involving federal and state claims in Washington, including class action

16   cases.  The parties participated in this mediation via Zoom videoconference technology

17   due to the ongoing restrictions related to the COVID-19 pandemic.  This mediation process

18   lasted over 15 hours, but the case did not resolve immediately.  Due to the complexity of

19   issues involved in this case settlement, the parties continued negotiating beyond this initial

20   mediation.  Between September 12, 2020, and May 31, 2021, counsel for the parties

21   continued to negotiate resolution of this case, as well as the terms of settlement.  Mediator

22   Teresa Wakeen continued to assist the parties and serve as mediator until the parties

23   arrived upon mutually agreed, reliable terms of settlement.  Following extensive

24   negotiations related to the terms of settlement and the construction of the Settlement

25   Agreement, the parties fully ratified their intention to resolve this matter on June 18, 2021.

26   At all times related to this negotiation process, Plaintiffs Gould, Kimball and Mendez

PLAINTIFFS' MOTION FOR APPROVAL
OF ATTORNEYS' FEES, CASE COSTS,
AND ENHANCEMENT AWARDS - 3
Case No. 3:19-cv-05691-TSZ

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

1    participated fully in the settlement discussions and were at all times fully engaged with

2    their counsel in the resolution of this case.

3           After the mediation session and extensive negotiations referenced above, Plaintiffs

4    signed a Settlement Agreement on behalf of themselves and on behalf of the presumptive

5    class of similarly situated bonus-eligible production workers.  Dkt. 33, Ex. 1.  On October

6    7, 2021, the parties filed a Joint Status Report and supplemental briefing in support of this

7    settlement.  Dkt. 35.  Shortly thereafter, on October 12, 2021, this Court issued an Order

8    Granting Preliminary Approval of Class Action Settlement.  Dkt. 36.

9    **B.  The Settlement Provides Substantial Relief for the Class**

10          Pursuant to the terms of the Settlement Agreement, Defendants agreed to establish

11   a settlement fund in the amount of $4,000,000, which is subject to a proportional reduction

12   for any eligible participants who choose to opt out of this settlement opportunity.  Dkt. 33,

13   Ex. 1, ¶ 5.  As noted in the *Shaffer Decl*., no one has opted out of the settlement to date.

14   *Shaffer Decl*., at p. 4.  Therefore, it appears unlikely that the settlement fund will be

15   reduced below the $4,000,000 Gross Settlement Amount.  *Id.*  Subject to the Court's

16   approval, the Gross Settlement Amount shall be used to pay the expenses related to

17   settlement administration, incentive awards for Plaintiffs Sia Gould and Donald Max

18   Kimball, payment of Plaintiffs' attorneys' fees, and reimbursement of litigation costs and

19   expenses incurred.  *Id*., Ex. 1, ¶¶ 6-7, 9.  All remaining funds shall then be distributed to

20   the Settlement Class based on each participating individual's calculated proportional share

21   of the Net Settlement Amount, less authorized payroll taxes and withholdings.  *Id*., Ex. 1,

22   ¶¶ 8, 10.b.  The amount of each payment to members of the Settlement Class shall be an

23   individualized and proportional calculation based upon the aggregate gross bonus amount

24   actually paid to each person for the agreed bonus periods.  *Id.*  Given the size of the class at

25   issue in this case, this settlement fund will provide a substantial and justifiable recovery for

26   many members of the Settlement Class.  The parties provided to the Court an estimated

PLAINTIFFS' MOTION FOR APPROVAL
OF ATTORNEYS' FEES, CASE COSTS,
AND ENHANCEMENT AWARDS - 4
Case No. 3:19-cv-05691-TSZ

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

1    average gross payout of more than $18,000 per individual, although the actual recovery

2    may be higher or lower for each person depending on the individual's proportional

3    earnings during a particular bonus period.  Dkt. 35, p. 3.  For example, some individuals

4    may have been employed for only a short time during a particular bonus year, which

5    impacts the individual's proportional share when compared to colleagues who worked

6    many hours during the years applicable to this settlement.

7            Irrespective of the size of any individual recovery, there is no doubt that this

8    settlement will greatly benefit the Class Members, who will receive an above-average

9    settlement for cases like this, both in Washington and nationwide.  *See, e.g., Cervantez v.*

10   *Celestica Corp.*, Case No. EDCV 07-729-VAP, 2010 WL 2712267, *2-3 (C.D. Cal. July 6,

11   2010) (order granting preliminary approval of $2,500,000 wage and hour class action for

12   two groups of employees identified as the Security Line Class and a Meal and Rest Period

13   Class);  *Bellinghausen v. Tractor Supply Company*, 306 F.R.D. 245, 251-52 (N.D. Cal.

14   2015) (approval of $1,000,000 settlement for wage and hour claims by class of retail store

15   clerks);  *Romero v. Producers Dairy Foods, Inc.*, Case No. 05-cv-0484 DLB, 2007 WL

16   3492841, *1-2 (E.D. Cal. November 14, 2007) (approval of wage and hour settlement of

17   $240,000 to a class of Route Sales Drivers and Relief Drivers); *Millan v. Cascade Water*

18   *Services, Inc.*, Case No. 12-cv-01821-AWI-EPG, 2016 WL 3077710, *1 (E.D. Cal May

19   13, 2016) (approval of $150,000 settlement in FLSA collective action by approximately 44

20   maintenance technicians);  *Hill v. Garda CL Northwest, Inc.*, 191 Wn.2d 553, 573-76, 424

21   P.3d 207 (2018) (approval and remand of decision in favor of more than $7,000,000 in

22   damages for class of approximately 500 armored vehicle employees on wage and hour

23   claims).

24   **C.  Application of the Percentage-of-the-Fund Method is Warranted.**

25           Federal courts acknowledge that Class Counsel have an equitable right to be

26   compensated from a common fund that benefits Plaintiffs and unnamed class members,

PLAINTIFFS' MOTION FOR APPROVAL
OF ATTORNEYS' FEES, CASE COSTS,
AND ENHANCEMENT AWARDS - 5
Case No. 3:19-cv-05691-TSZ

1   especially when it is Class Counsel whose efforts largely procured that common fund.  *See,*

2   *e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) (the Supreme Court "has

3   recognized consistently that a litigant or lawyer who recovers a common fund . . . is

4   entitled to a reasonable attorney's fee from the fund as a whole"); *Central R.R. & Banking

5   Co. v. Pettus*, 113 U.S. 116 (1885); *Stanton v. Boeing Co.*, 327 F.3d 938, 967 (9th Cir.

6   2003); *In re Washington Public Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1300 (9th Cir.

7   1994) ("those who benefit in the creation of the fund should share the wealth with the

8   lawyers whose skill and effort help create it"); *Vincent v. Hughes Air West, Inc.*, 557 F.2d

9   759, 769 (9th Cir. 1977) ("[A] private plaintiff, or his attorney, whose efforts create,

10   discover, increase or preserve a fund to which others also have a claim is entitled to

11   recover from the fund the costs of his litigation, including attorneys' fees.").

12         The common fund doctrine rests on the understanding that attorneys should

13   normally be paid by their clients.  *See, Boeing*, 44 U.S. at 478.  Where the attorneys and

14   unnamed class member clients have no express retainer agreement, those who benefit from

15   the fund without contributing to it would be unjustly enriched if the attorneys' fees were

16   not paid out of the common fund.  *See, id.*; *In re Omnivision Techs., Inc.*, 559 F.Supp.2d

17   1036, 1046 (N.D. Cal. 2007).  When clients do not pay an ongoing hourly fee to their

18   counsel, they typically negotiate an agreement in which counsel's fee is based upon a

19   percentage of any recovery.  The percentage-of-the-fund approach mirrors this aspect of

20   the market and thereby reflects the fee that would have been negotiated by the class

21   members in advance, had such negotiations been feasible, given the prospective

22   uncertainties and anticipated risks and burdens of the litigation. *See, e.g., Paul, Johnson,

23   Alston & Hunt v. Graulty,* 886 F.2d 268, 271 (9th Cir. 1989) ("[I]t is well settled that the

24   lawyer who creates a common fund is allowed an extra reward, beyond that which he has

25   arranged with his client, so that he might share the wealth of those upon whom he has

26   conferred a benefit."); *Sutton v. Bernard,* 504 F.3d 688, 692 (7th Cir. 2007) ("In deciding

PLAINTIFFS' MOTION FOR APPROVAL
OF ATTORNEYS' FEES, CASE COSTS,
AND ENHANCEMENT AWARDS - 6
Case No. 3:19-cv-05691-TSZ

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

1  fee levels in common fund cases, we have consistently directed district courts to 'do their
2  best to award counsel the market price for legal services, in light of the risk of nonpayment
3  and the normal rate of compensation in the market at the time."'); *cf. Missouri v. Jenkins by*
4  *Agyei,* 491 U.S. 274, 285 (1989) (market factors should be considered in evaluating
5  reasonableness).

6        For these reasons, the percentage-of-the-fund method is overwhelmingly preferred
7  by courts. Theodore Eisenberg & Geoffrey P. Miller, *Attorneys' Fees and Expenses in*
8  *Class Action Settlements: 1993-2008*, 7 Journal of Empirical Legal Studies, 248-281 (June
9  2010).  An empirical study based on eighteen years of published opinions on settlements in
10 689 common fund class action and shareholder derivative settlements in both state and
11 federal courts found that: (1) 83 percent of cases employed the percentage-of-the-recovery
12 method, and (2) the number of courts employing the lodestar method has declined over
13 time, from 13.6 percent from 1993-2002 to 9.6 percent from 2003 to 2008. *Id.*, at 267-69;
14 *accord* Fitzpatrick, Brian T., An Empirical Study of Class Action Settlements and Their
15 Fee Awards, 7 Journal of Empirical Legal Studies, 24 (July 2010) (finding, in a similar
16 empirical study of 688 settlements approved by federal district courts during 2006 and
17 2007, that 69 percent of courts employed the percentage-of-the-settlement method, 12
18 percent employed the lodestar method, and 20 percent did not report which method they
19 used).

20       In the case at bar, the Court preliminarily approved the parties' settlement, which
21 establishes a common settlement fund of $4,000,000.  Dkt. 36.  Because the Settlement
22 Class has not paid Class Counsel for their efforts, equity requires that a fair and reasonable
23 fee be paid, based on what the market would traditionally require, no less than if they had
24 hired private counsel to litigate their cases individually.  *Boeing,* 444 U.S. at 479-81.

25

26

PLAINTIFFS' MOTION FOR APPROVAL
OF ATTORNEYS' FEES, CASE COSTS,
AND ENHANCEMENT AWARDS - 7
Case No. 3:19-cv-05691-TSZ

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

**D. Percentage-of-the-Fund Analysis Supports Counsels' Fee Request.**

**1.    The Fees Requested – 25% of the Gross Settlement Fund – Are Less than the Amount Fees Awarded in Similar Class Actions.**

An oft-cited empirical study of attorneys' fees in common fund cases found that awards averaged 32% of the fund and 34.74% when expenses are added in.  *See* Silber and Goodrich, *Common Funds and Common Problems Fee Objections and Class Counsel's Response*, 17 Rev. Litig. 525, 545 (1998) (cited in *Craft v. County of San Bernardino*, 624 F.Supp.2d 1113, 1123-25 (C.D. Cal. 2008)).  Silber and Goodrich recommend a 33% fee award and say that this is appropriate because "the attorneys will receive the best fee when the attorneys obtain the best recovery for the class.  Hence, under the percentage approach, the class members and the class counsel have the same interest – maximizing the recovery of the class."  *Id*. at 534.

In the Ninth Circuit, the typical range of acceptable attorneys' fees in class action cases is 20% to 33.3% of the total settlement value, with 25% widely viewed as the "benchmark."  *See, Torrisi v. Tucson Elec. Power Co.,* 8 F.3d 1370, 1376 (9th Cir. 1993); *Six Mexican Workers v. Ariz. Citrus Growers,* 904 F.2d 1301, 1311 (9th Cir. 1990); *Paul, Johnson, Alston* & *Hunt* v. *Graulty,* 886 F.2d 268,272 (9th Cir. 1989).  Although it might be viewed as a standard fee award, courts frequently award fees greater than this recognized benchmark.  *See, e.g., Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1049-50; *In re Mega Fin. Corp. Sec. Litig.,* 213 F 3d 454,460 (9th Cir. 2000); *Bond* v. *Ferguson Enterprises, Inc.,* Case No. 09-cv-1662 OWW MJS, 2011 WL 2648879, *9-11 (E.D. Cal. June 30, 2011) ("[T]he exact percentage varies depending on the facts of the case, and in 'most common fund cases, the award exceeds that benchmark.'") (citation omitted); *see also In re Activision Sec. Litig.,* 723 F.Supp. 1373, 1377-78 (N.D. Cal. 1989) ("nearly all common fund awards range around 30%").

PLAINTIFFS' MOTION FOR APPROVAL
OF ATTORNEYS' FEES, CASE COSTS,
AND ENHANCEMENT AWARDS - 8
Case No. 3:19-cv-05691-TSZ

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

1    Courts in the Ninth Circuit frequently award a percentage of the fund that is higher

2    than the 25% benchmark.  *See, In re Omnivision Techs., Inc.*, 559 F.Supp.2d 1036, 1046

3    (N.D. Cal. 2008).  In fact, the fee award exceeds the 25% benchmark in *most* common

4    fund cases.  *See Lopez v. Youngblood*, Case No. CV-F-07-0474 DLB, 2011 WL 10483569,

5    *5 (E.D. Cal. Sept. 2, 2011) (fees in common fund cases average 32% or 34.74%);

6    *Omnivision* at 1047 ("This court's review of recent reported cases discloses that nearly all

7    common fund awards range around 30%"); *In re Pacific Enterprises Sec. Litig.*, 47 F.3d

8    373, 379 (9th Cir. 1995) (affirming fee award equal to 33% of fund); *Romero v. Producers

9    Dairy Foods, Inc.*, Case No. 05-cv-0484 DLB, 2007 WL 3492841, *4 ("Empirical studies

10   show that, regardless whether the percentage method or the lodestar method is used, fee

11   awards in class actions average around one-third of the recovery." (citing 4 Newberg,

12   NEWBERG ON CLASS ACTIONS  § 14.6 (4th ed. 2007)); *In re Mego*, 213 F.3d 457, 463

13   (9th Cir. 2000) (affirming award of 33% of common fund); *Vandervort v. Balboa Capital

14   Corp.*, 8 F.Supp.3d 1200, 1210 (C.D. Cal. 2014) (awarding 33% of fund in TCPA class

15   action); *Hageman v. AT&T Mobility LLC*, No. CV 13-50-BLG-RWA, 2015 WL 9855925,

16   *3-4 (D. Mont. Feb. 11, 2015) (common fund fee assessment for Class Counsel is

17   approved in the amount of 33% or $15 million, from the common fund of $45 million

18   obtained for the Class).

19   Here, Plaintiffs request attorneys' fees equal to the 25% "benchmark" applied in

20   the Ninth Circuit and, regardless of the substantial results for the Settlement Class, the

21   Class Counsel does not request any upward adjustment from this amount.  *See generally*,

22   *Declaration of Donald W. Heyrich* (*"Heyrich Decl."*).  Class Counsel respectfully submits

23   that their fee request is supported by the quality and amount of work performed on behalf

24   of the Settlement Class, and the outstanding settlement that will result in substantial

25   additional income to the members of the Settlement Class, depending on the proportional

26   award assigned to each eligible participant in this action.  The request also is well within

PLAINTIFFS' MOTION FOR APPROVAL
OF ATTORNEYS' FEES, CASE COSTS,
AND ENHANCEMENT AWARDS - 9
Case No. 3:19-cv-05691-TSZ

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

the range of reasonable attorneys' fees awarded in similar wage and hour class actions.

*Bellinghausen v. Tractor Supply Company*, 306 F.R.D. 245, 260-61 (N.D. Cal. 2015);

*Romero v. Producers Dairy Foods, Inc.*, Case No. 05-cv-0484 DLB, 2007 WL 3492841,

*3 (E.D. Cal. November 14, 2007) (approving 33.3% fee award due to uniqueness of legal

issues and effort by plaintiff's firm); *Cervantez v. Celestica Corp.*, Case No. EDCV 07-

729-VAP, 2010 WL 11465133, *6 (C.D. Cal. October 29, 2010) (Ninth Circuit benchmark

of 25% fee award is presumptively reasonable); *Millan v. Cascade Water Svcs., Inc.*, Case

No. 12-cv-01821-AWI-EPG, 2016 WL 3077710, *11-12 (E.D. Cal May 13, 2016)

(approving 33% fee award above benchmark based on exceptional results for the class).

**2.      Lodestar Cross-Check Confirms Reasonableness of Fee Award.**

While it is not strictly required, many district courts will conduct a lodestar cross-check to ensure that the requested fee is reasonable.  *Millan v. Cascade Water Svcs., Inc.*, Case No. 12-cv-01821-AWI-EPG, 2016 WL 3077710, *11 (E.D. Cal May 13, 2016).  A basic lodestar cross-check multiplies the number of hours counsel reasonably expended on the litigation by a reasonable hourly rate. *See, Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1029 (9th Cir. 1998) (overruled on other grounds by *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011)).  When calculating a lodestar award as a "cross-check" for an award based on a percentage-of-the-fund, courts generally look to prevailing market rates for comparable work in the district in which the court sits to determine a reasonable hourly rate.  *See, e.g., Camacho v. Bridgeport Fin. Servs*., 523 F.3d 973, 979 (9th Cir. 2008).  The legal community where the district court is situated is deemed most relevant for this analysis.  *See, e.g., Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997).

Over the period of approximately 2.5 years, Class Counsel expended over 354 hours of attorney time on this case.  *Heyrich Decl.*, ¶ 3.  These hours are reasonable if for no other reason than that Class Counsel knew it was possible that they would never be paid for this substantial amount of work.  Simply put, Class Counsel had no incentive to act in a

PLAINTIFFS' MOTION FOR APPROVAL
OF ATTORNEYS' FEES, CASE COSTS,
AND ENHANCEMENT AWARDS - 10
Case No. 3:19-cv-05691-TSZ

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

manner that was anything but economical.  *See, Moreno v. City of Sacramento,* 534 F.3d 1106, 1112 (9th Cir. 2008) ("[L]awyers are not likely to spend unnecessary time on contingency cases in the hope of inflating their fees. The payoff is too uncertain, as to both the result and the amount of the fee.").  That said, counsel took their responsibility seriously and endeavored to represent the interests of their clients and the Settlement Class to the greatest extent possible.

The attorney hourly rates applied for the loadstar cross-check range from $490 to $685 per hour. *Heyrich Decl*., ¶¶ 5-8.  These rates are consistent with rates applied to Class Counsels' legal time in other cases, and are consistent with rates applied in class action cases in the Western District of Washington.  *See, id.* (setting forth Class Counsels' approved rates in other cases); *see also Joseph v. TrueBlue, Inc.*, Case No. 3:14-cv-05963-BHS (applying a rate of $725 per hour to an attorney with experience equivalent to that of Class Counsel in this case, and applying rates overall ranging from $425 to $725); *Pelletz v. Weyerhaeuser Co.,* 592 F. Supp. 2d 1322, 1326 (W.D. Wash. 2009) (approving hourly rates for work performed in Seattle that ranged from $415 to $760 per hour as part of 2,407.4 total hours spent over the course of litigation spanning about 1 1/2 years); *Palmer v. Spring Solutions, Inc.*, C9-1211 JLR, Dkt. No. 90 (W.D. Wash. Oct. 21, 2011) (granting motion for attorney fees as percentage of common fund where rates of Seattle attorneys ranged from $650 to $760 per hour for a case litigated about two years), *affirmed by* 508 Fed.Appx. 658 (9th Cir. 2013); *Global Educ. Svcs. v. Intuit, Inc*., No. C09-944 RSL (W.D. Wash. 2011) (approving hourly rates of $760 and $650 following a reasonableness review); *Gardner v. Capital Options, LLC et al*., No. C07-1918 (W.D. Wash. 2009) (approving hourly rates of $760 and $500 following a reasonableness review); *Zwicker v. Gen. Motors Corp.*, No. C07-0291 JCC (W.D. Wash. 2008) (approving hourly rates up to $650); *Dell v. Carideo*, No. C06-1772 JLR (W.D. Wash. 2010) (approving plaintiffs' fee request at comparable rates to those sought here); *Khadera v. ABM Indus., Inc*., C08-0417

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

1  RSM (W.D. Wash. Oct. 2012) (same); *Arthur v. Sallie Mae, Inc.*, C10-00198 JLR (W.D.

2  Wash. Sept. 2012) (same).

3          Multiplying the reasonable hours worked by class counsel by the reasonable hourly

4  rates establishes a base lodestar attorneys' fee award in this case in the amount of

5  $191,455.  This combined loadstar would result in a multiplier of approximately 5.1, which

6  is well within the range of 0.6 to 19.6. multipliers approved by courts when awarding

7  attorneys' fees as a percentage of the common fund.  *See, Baker v. Navient Solutions,*

8  *LLC.,*  Case No. 1:17-cv-1160 (LMB/JFA) (E.D. Va. Feb. 8, 2019) (TCPA case awarding

9  fees equal to 33.33% of the common fund, which was 2 times the loadstar); *Joseph v.*

10  *TrueBlue, Inc*., Case 3:14-cv-05963-BHS, Dkt. #131 and Dkt. #132, p. 8 (W.D. Wash.

11  Mar. 6, 2017) (TCPA case awarding fees equal to 30% of the settlement fund, which was

12  2.29 times the lodestar); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, at 1051 n.6 (9th Cir.

13  2002); *Steiner v. Am. Broad Co*., 248 Fed.Appx. 780, 783 (9th Cir. 2007) (approving 6.85

14  multiplier); *In re Rite Aid Corp. Sec. Litig*., 362 F. Supp. 2d 587, 589 (E.D. Pa. 2005)

15  (approving multiplier of 6.96).

16          Finally, the multiplier in this case must be evaluated against the substantial results

17  achieved by Class Counsel, the risks of representing a smaller sized class of employees on

18  a contingent basis, and the uncertainty of outcome.  When setting the fee for Class

19  Counsel, the Court should consider: 1) the results; 2) the risk to Class Counsel; 3)

20  secondary benefits of the settlement; 4) the market rate in the particular field of law; 5) the

21  burdens Class Counsel experienced; and 6) whether the fee was contingent.  *See, In re*

22  *Optical Disk Drive Prods. Antitrust Litig.*, 959 F.3d 922, 930 (9th Cir. 2020).  A proper

23  weighting of these factors does not justify a below the "benchmark" award in this case.

24          Further, this is not a considered megafund wage and hour case and, as such, any

25  reference to a windfall by way of a benchmark 25% fee award is inappropriate.  *In re*

26  *Optical Disk Drive*, 959 F.3d at 932 (recognizing that megafund cases typically involve

PLAINTIFFS' MOTION FOR APPROVAL
OF ATTORNEYS' FEES, CASE COSTS,
AND ENHANCEMENT AWARDS - 12
Case No. 3:19-cv-05691-TSZ

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

1   settlement exceeding $100 million, thereby elevating the importance of the lodestar

2   analysis).  For example, lodestar multipliers of 2.88 to 3.65 were deemed inherently

3   reasonable by the Ninth Circuit.  *Reyes v. Experian Info. Solutions, Inc.*, 856 Fed.Appx.

4   108, 111 (9th Cir. 2021).  Similarly, another court reduced a multiplier to 2.0 in a case that

5   yielded a less significant recovery per eligible class member.  *Nitsch v. DreamWorks

6   Animation SKG Inc.*, Case No. 14-CV-04062-LHK, 2017 WL 2423161, *10 (N.D. Cal.

7   June 5, 2017).  In this case, Class Counsel represented a much smaller class of production

8   workers at a single facility, yet they garnered a better result per eligible member of the

9   Settlement Class by comparison.  Other cases have justified even higher multipliers for the

10  results achieved here.  *See, e.g.*, *Buccellato v. AT&T Operations, Inc.*, 2011 WL 3348055,

11  at *2 (N.D. Cal. June 30, 2011) (approving multiplier of 4.3 in case involving $12,500,000

12  settlement fund); *Rabin v. Concord Assets Grp., Inc.*, 1991 WL 275757, at *1 (S.D.N.Y.

13  Dec. 19, 1991) ("The requested attorneys' fees of $2,544,122.78 represents a multiplier of

14  4.4. Plaintiffs' counsel asserts that 'when one considers the potential additional time

15  plaintiffs' counsel will be required to work in this matter, the multiplier is reduced to a

16  range of 3.7 to 3.2.'"); *Maley v. Del Glob. Techs. Corp.*, 186 F.Supp.2d 358, 360

17  (S.D.N.Y. 2002) (approving multiplier of 4.65 in case involving $28,000,000 settlement

18  fund).  In the end, if the Court were to award less than the "benchmark" fee in the Ninth

19  Circuit, it would fail to properly reward Class Counsel for their ardent and efficient

20  advocacy when achieving this excellent result, thereby creating an undesired incentive for

21  similar counsel to unnecessarily drag out litigation to justify their fee.

22          **3.      Class Counsel Faced Substantial Risk of Non-Payment.**

23          The Ninth Circuit recognizes that the public interest is served by rewarding

24  attorneys who take on risky contingent fee representation, as well as the need to

25  compensate those attorneys for assuming the risk that they may be paid nothing for their

26  work.  *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994)

PLAINTIFFS' MOTION FOR APPROVAL
OF ATTORNEYS' FEES, CASE COSTS,
AND ENHANCEMENT AWARDS - 13
Case No. 3:19-cv-05691-TSZ

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

1   ("Contingent fees that may far exceed the market value of the services if rendered on a

2   noncontingent basis are accepted in the legal profession as a legitimate way of assuring

3   competent representation for plaintiffs who could not afford to pay on an hourly basis

4   regardless of whether they win or lose."); *Vizcaino*, 290 F.3d at 1051 (courts reward

5   successful class counsel in contingency cases "for taking the risk of nonpayment by paying

6   them a premium over their normal hourly rates.").

7          While the settlement before this Court is indeed substantial, this outcome was by

8   no means guaranteed.  Defendants vigorously denied liability on all claims.  Plaintiffs

9   faced the uphill battle of proving liability and damages for the unpaid bonus income based

10  on an actual or implied contractual theory of liability for wages owed.  Additionally,

11  Plaintiffs also faced a hurdle of certifying the presumptive class and eventually prevailing

12  on their claims.  *See*, Dkt. 32, pp. 13-17.  Plaintiffs also took on the challenge of litigating

13  against Defendants, which are part of a sizeable, multi-national corporation represented by

14  experienced counsel from a large, respected defense firm.  On the other hand, HKM

15  Employment Attorneys LLP is a smaller plaintiff's firm with a focus on representing

16  workers.  Firms of smaller stature face even greater risks when litigating large class actions

17  with no guarantee of payment.  *Boyd v. Bank of Am. Corp.*, Case No. SACV 13-0561-

18  DOC, 2014 WL 6473804, *8-10 (C.D. Cal. Nov. 18, 2014) (awarding 33% rather than the

19  25% benchmark, finding heightened risk of small firm representation should be awarded

20  with larger percentage fee for a good result); *see also, Pennsylvania v. Delaware Valley*

21  *Citizens' Counsel for Clean Air*, 483 U.S. 711, 750 (1987) (Delaware Valley II) (plurality

22  opinion) ("[C]ontingent litigation may pose great risks to a small firm or a solo practitioner

23  because of the risk of nonpayment may not be offset so easily by the presence of paying

24  work . . ."); *Davis v. Mutual Life Ins. Co.*, 6 F.3d 367, 382 (6th Cir. 1983) ("[T]he

25  maintenance of comparatively large pieces of litigation preens small firms from

26  diversifying risk by taking on additional clients . . .").

PLAINTIFFS' MOTION FOR APPROVAL
OF ATTORNEYS' FEES, CASE COSTS,
AND ENHANCEMENT AWARDS - 14
Case No. 3:19-cv-05691-TSZ

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

1   Class Counsel prosecuted this matter on a purely contingent fee basis, agreeing to

2   advance all necessary expenses and to receive a fee only if Plaintiffs were able to realize a

3   recovery.  Class Counsel have invested considerable time and money prosecuting this

4   action on behalf of very deserving clients.  Class Counsels' outlay of their time,

5   opportunity costs, and money, all with the risk that none of it would be recovered, supports

6   the fees requested here.  *Omnivision*, 559 F.Supp.2d at 1047.

7   **E.    The Payment of Costs is Fair and Reasonable.**

8   Class Counsel who assisted clients and helped to create a common fund are entitled

9   to the litigation expenses they incurred in prosecuting the case, "so that the burden is

10  spread proportionally among those who have benefitted." *Stanton*, 327 F.3d at 969-70

11  (quoting *Van Gemert*, 444 U.S. at 478); *see also, In re Media Vision Tech. Sec. Litig.*, 913

12  F.Supp. 1362, 1366 (N.D. Call. 1996) ("Reasonable costs and expenses incurred by an

13  attorney who creates or preserves a common fund are reimbursed proportionally by those

14  class members who benefit from the settlement.").

15  Here, Plaintiffs seek reimbursement of the actual litigation costs expenses incurred

16  in the amount of $9,378.99.  Plaintiffs incurred these out-of-pocket expenses without any

17  assurance they would ever be repaid.  These expenses were justified and necessary to

18  prosecute these claims and secure the resolution in this litigation, and Plaintiffs should be

19  permitted to recoup these costs from the settlement fund.  *See, In re Immune Response Sec.*

20  *Litig.*, 497 F.Supp.2d 1166, 1177-78 (S.D. Cal. 2007) (finding that costs such as filing fees,

21  photocopy costs, travel expenses, postage, computerized legal research fees, and mediation

22  expenses are relevant and necessary expenses in class action litigation).

23  **III.    ENHANCEMENT AWARDS SHOULD BE APPROVED**

24  As agreed to by the parties, and subject to the Court's final approval, Plaintiffs Sia

25  Gould and Donald Max Kimball should receive Enhancement Awards of $5,000 each.

26

PLAINTIFFS' MOTION FOR APPROVAL
OF ATTORNEYS' FEES, CASE COSTS,
AND ENHANCEMENT AWARDS - 15
Case No. 3:19-cv-05691-TSZ

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

Dkt. 33, Ex. 1, ¶ 9.[4]  Enhancement awards are generally recognized as payments of money to class representatives to compensate class representatives for work done on behalf of the class, to offset any financial or reputational risk undertaken in bringing the action, or to acknowledge their willingness to act as a private attorney general.  Such awards are generally sought after a settlement or verdict has been achieved.  *See, Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009); *Hartless v. Clorox Co.*, 273 F.R.D. 630, 646-47 (S.D. Cal. 2011) ("Incentive awards are fairly typical in class actions.").  Service awards became "routine" around the turn of the century.  *See,* Theodore Eisenberg & Geoffrey P. Miller, *Incentive Awards to Class Action Plaintiffs: An Empirical Study*, 53 UCLA L. Rev. 1303, 1311 (2006) (a survey of settled class actions between 1993 and 2002). Today, "[i]ncentive awards are fairly typical in class action cases." *Rodriguez*, 563 F.3d at 958.

Historically, enhancement awards approved by the Ninth Circuit and by this Court typically range between $5,000 and $40,000.  *See, In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 457, 463 (9th Cir. 2000) (approving incentive awards of $5,000); *Pelletz v. Weyerhaeuser Co.*, 592 F.Supp.2d 1322, 1329-30 (W.D. Wash. 2009) (approving awards of $7,500); *Hughes v. Microsoft Corp.*, C98-1646C, 93-0178C, 2001 WL 34089697, *12-13 (W.D. Wash. Mar. 26, 2001) (approving incentive awards of $7,500, $25,000, and $40,000).

Courts also recognize that approving enhancement awards can encourage future class representatives to step forward to represent the interests of other classes.  *See, Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) ("Because a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate if it is necessary to induce an individual to participate in the suit.").  Thus, an appropriate award will encourage others

---

[4] The parties negotiated these Enhancement Awards as part of their Settlement Agreement, subject to approval by this Court. Dkt. 33, Ex. 1, ¶ 9.  Plaintiff Frank "Joe" Mendez declined the opportunity to receive an Enhancement Award.

PLAINTIFFS' MOTION FOR APPROVAL
OF ATTORNEYS' FEES, CASE COSTS,
AND ENHANCEMENT AWARDS - 16
Case No. 3:19-cv-05691-TSZ

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

1  to step forward to help provide justice to classes of people who cannot obtain justice

2  individually.

3     In this case, Plaintiffs Sia Gould and Donald Max Kimball, both active employees

4  working for Defendants, were added to this action to advance the interests of the putative

5  class. Their time and dedication as class representatives proved essential to obtaining the

6  relief provided for the Settlement Class. Their efforts and the accompanying risks should

7  be recognized and rewarded. Plaintiffs Kimball and Gould respectfully request that the

8  Court approve an enhancement award of $5,000 for each of them, which is reasonable in

9  light of the facts and circumstances in this case and the prevailing standards in the Ninth

10  Circuit. *See, e.g., Wheeler v. Cobalt Mortgage, Inc.,* C14-1847-JCC (W.D. Wash. Oct. 16,

11  2015) (order approving service award of $10,000 to the named plaintiff); *Glass v. UBS*

12  *Fin. Servs., Inc*., C-06-4068 MMC, 2007 WL 221862, at *17 (N.D. Cal. Jan. 26, 2007),

13  affirmed, 331 Fed.Appx. 452 (9th Cir. 2009) (order approving service award for $25,000

14  to the named plaintiff); Theodore Eisenberg & Geoffrey P. Miller, *Incentive Awards to*

15  *Class Action Plaintiffs: An Empirical Study*, 53 UCLA L. Rev. 1303, 1333 (2006) (finding

16  the "mean within case average award" to be approximately $12,000).

17          **IV.**  C<small>ONCLUSION</small>

18     Based on the foregoing, Plaintiffs respectfully request that this Court approve

19  Plaintiffs' attorneys' fees in the amount of $1,000,000, reimbursement of case costs in the

20  amount of $9,378.99, and provide Enhancement Awards of $5,000 each to Plaintiffs Sia

21  Gould and Donald Max Kimball.

22

23

24

25

26

PLAINTIFFS' MOTION FOR APPROVAL
OF ATTORNEYS' FEES, CASE COSTS,
AND ENHANCEMENT AWARDS - 17
Case No. 3:19-cv-05691-TSZ

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

1     RESPECTFULLY SUBMITTED this 5th day of January, 2022.

2

3                                      **HKM EMPLOYMENT ATTORNEYS LLP**

4
                                        _/s/ Brian L. Dolman_
5                                      Donald W. Heyrich, WSBA No. 23091
                                       Erin S. Norgaard, WSBA No. 32789
6                                      Brian L. Dolman, WSBA No. 32365
                                       HKM Employment Attorneys LLP
7                                      600 Stewart Street, Suite 901
                                       Seattle, WA 98101
8                                      Tel: (206) 838-2504
                                       Email: dheyrich@hkm.com
9                                              enorgaard@hkm.com
                                               bdolman@hkm.com
10
                                       *Attorneys for Plaintiffs*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' MOTION FOR APPROVAL
OF ATTORNEYS' FEES, CASE COSTS,
AND ENHANCEMENT AWARDS - 18
Case No. 3:19-cv-05691-TSZ

1

## CERTIFICATE OF SERVICE

2

3        I hereby certify that on January 5, 2022, I caused the foregoing document to be

4    electronically filed with the Clerk of the Court, using the CM/ECF system, which will send

5    notification of such filing to the following attorneys of record.

6

7    Patrick M. Madden
     Ryan D. Redekopp
     K&L Gates LLP
8    925 Fourth Avenue, Suite 2900
     Seattle, WA 98104
9    patrick.madden@klgates.com
     ryan.redekopp@klgates.com
10

11        DATED this 5th day of January, 2022.

12

13                                             _/s/ Angela Tracy_____
                                               Angela Tracy, Legal Assistant
14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' MOTION FOR APPROVAL
OF ATTORNEYS' FEES, CASE COSTS,                    **HKM EMPLOYMENT ATTORNEYS LLP**
AND ENHANCEMENT AWARDS - 19                             600 Stewart Street, Suite 901
Case No. 3:19-cv-05691-TSZ                              Seattle, Washington 98101
                                                         Tel: (206) 838-2504