THE HONORABLE THOMAS S. ZILLY

1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRANK "JOE" MENDEZ, an individual, on
behalf of himself and others similarly situated;
DONALD MAX KIMBALL, an individual, on
behalf of himself and others similarly situated;
and SIA GOULD, an individual, on behalf of
herself and others similarly situated,

Plaintiffs,

vs.

STEELSCAPE WASHINGTON, LLC, a
Washington limited liability company; and
STEELSCAPE, LLC, a foreign limited liability
company,

Defendants.

NO. 3:19-cv-05691-TSZ

**PLAINTIFFS' MOTION FOR
FINAL APPROVAL OF CLASS
ACTION SETTLEMENT**

**NOTE ON MOTION CALENDAR:**
February 22, 2022, at 10:00 a.m.

**Hearing Connection Information:**
www.wawd.uscourts.gov/Steelscape

PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
Case No. 3:19-cv-05691-TSZ

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

1
2

# TABLE OF CONTENTS

Page

I.    INTRODUCTION AND RELIEF REQUESTED...........................................1

II.   PROCEDURAL HISTORY AND FACTUAL BACKGROUND .................3

      A.  Plaintiffs' Allegations ............................................................3

      B.  Settlement After Years of Litigation and Extensive Negotiations............4

      C.  The Court Preliminarily Approved the Terms of Settlement....................4

          1.  Class Definition .......................................................5

          2.  Settlement Benefits to Class Members ................................5

          3.  Settlement Administrator Complied with Preliminary Order...............6

III.  AUTHORITY AND ARGUMENT ........................................................7

          1.  The Proposed Settlement Is Fair Because It Was the Product of
              Arms's-Length, Non-Collusive Negotiations .....................................7

          2.  The Settlement Is Reasonable and Adequate.........................................9

              a.   Assessment of the Risks ...............................................10

              b.   Amount Offered in Settlement and Experience and Views
                   of Counsel...........................................................11

          3.  Class Members Received Reasonable Notice.......................................12

          4.  Class Members Responded Favorably to the Settlement ...................13

          5.  Plaintiffs' Updated Case Costs .........................................14

          6.  Plaintiffs' Attorney Fees.......................................................14

          7.  Undelivered Notice to Missing Class Member....................................15

IV.   CONCLUSION........................................................................15

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - i
Case No. 3:19-cv-05691-TSZ

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

1

**TABLE OF AUTHORITIES**

2

**Cases**                                                                                                    Page

3

*Adams v. Inter-Con Security Sys., Inc.*,
4      No. C-06-5428 MHP, 2007 WL 3225466 (N.D.Cal. October, 30, 2007) .................. 8

5
*Chun-Hoon v. McKee Foods Corp.*,
6      716 F.Supp.2d 848 (N.D.Cal. 2010) ........................................................................ 14

7  *Churchill Village, LLC v. General Electric*,
8      361 F.3d 566 (9th Cir. 2004) ................................................................................... 12

9  *Class Plaintiffs v. City of Seattle*,
       955 F.2d 1268 (9th Cir. 1992) ................................................................................... 7
10

11  *Cubbage v. Talbots, Inc.*,
       No. 09-cv-00911-BHS, ECF No. 114 (W.D.Wash. Nov. 5, 2012) ......................... 11
12

13  *Eisen v. Carlisle & Jacquelin*,
       417 U.S. 156, 94 S.Ct. 2140 (1974) ......................................................................... 12

14  *Ellis v. Naval Air Rework Facility*,
15      87 F.R.D. 15 (N.D.Cal. 1980) .................................................................................... 8

16  *Grays Harbor Adventist Christian Sch. v. Carrier Corp.*,
       2008 WL 1901988 (W.D.Wash. April 24, 2008) .................................................... 11
17

18  *Hanlon v. Chrysler Corp.*,
       150 F.3d 1011 (9th Cir. 1998) ............................................................................. 9, 13

19
*Hughes v. Microsoft Corp.*,
20      C93-0178C, 2001 WL 34089697 (W.D.Wash. Mar. 26, 2001) ................................ 9

21  *In re Austrian and German Holocaust Litig.*,
       80 F.Supp.2d 165 (S.D.N.Y. 2000) ........................................................................... 8
22

23  *In re Capital One TCPA Litig.*,
       80 F.Supp.3d 781 (N.D.Ill. 2015) ............................................................................ 11
24

25  *In re Mego Fin. Corp. Sec. Litig.*,
       213 F.3d 454 (9th Cir. 2003) .................................................................................... 12

26

PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - ii
Case No. 3:19-cv-05691-TSZ

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
   227 F.R.D. 553 (W.D.Wash. 2004) ........................................................... 9

*In re Toys 'R' Us-Del., Inc., FACTA Litig.*,
   295 F.R.D. 438 (C.D.Cal. 2014) .............................................................. 13

*LaCousiere v. Camwest Dev., Inc.*,
   181 Wn.2d 734, 339 P.2d 963 (2014) ....................................................... 10

*Mendoza v. Tucson Sch. Dist. No. 1*,
   623 F.2d 1338 (9th Cir. 1980) ................................................................. 12

*Nat'l Rural Tele. Coop. v. DIRECTV, Inc.*,
   221 F.R.D. 523 (C.D.Cal. 2004) .............................................................. 13

*Officers for Justice v. Civil Serv. Comm'n*,
   688 F.2d 615 (9th Cir. 1982) ..................................................................... 7

*Pelletz v. Weyerhaeuser Co.*,
   255 F.R.D. 537 (W.D.Wash. 2009) ........................................................ 8, 9

*Powell v. Republic Creosoting Co.*,
   172 Wash. 155, 19 P.2d 919 (1933) ......................................................... 10

*Simon v. Riblet Tramway Co.*,
   8 Wn.App. 289, 505 P.2d 1291 (1973) ...................................................... 10

*Snoqualmie Police Ass'n v. City of Snoqualmie*,
   165 Wn.App. 895, 273 P.3d 983 (2012) ................................................... 10

*Speed Shore Corp. v. Denda*,
   605 F.2d 469 (9th Cir. 1979) ..................................................................... 7

*Spooner v. Reserve Life Ins. Co.*,
   47 Wn.2d 454, 287 P.2d 735 (1955) ......................................................... 10

*Stanton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) ..................................................................... 7

*Thieriot v. Celtic Ins. Co.*,
   No. C-10-04462-LB, 2001 WL 1522385 (N.D.Cal. April 21, 2011) ............ 9

*Torrisi v. Tucson Elec. Power Co.*,
   8 F.3d 1370 (9th Cir. 1993) ....................................................................... 7

PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - iii
Case No. 3:19-cv-05691-TSZ

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

1
2

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011) ...................................................................................................7

3
4

**Statutes, Regulations, and Codes**

5

RCW 49.46 ...................................................................................................................3

6

RCW 49.52 .............................................................................................................3, 10

7
8

**Court Rules**

9

Fed. R. Civ. P. 23(a) ..................................................................................................11

10

Fed. R. Civ. P. 23(c) ..................................................................................................12

11

Fed. R. Civ. P. 23(e) ..................................................................................................12

12
13

**Other Authorities**

14

Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d) ............................................3

15

Manual for Complex Litigation (Fourth) § 21.62 n.336 (2004) ..............................7, 12

16

Newberg on Class Actions § 11.41 ...............................................................................8

17
18
19
20
21
22
23
24
25
26

PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - iv
Case No. 3:19-cv-05691-TSZ

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

1    COME NOW Plaintiffs Frank "Joe" Mendez, Donald Max Kimball and Sia Gould,

2    by and through their counsel, Donald W. Heyrich, Erin S. Norgaard and Brian L. Dolman,

3    of HKM Employment Attorneys LLP, and hereby seek an order of this Court granting

4    Final Approval of Class Action Settlement in the above-entitled matter.

5                      I.    **INTRODUCTION AND RELIEF REQUESTED**

6            On October 12, 2021, the Court issued an Order Granting Preliminary Approval of

7    Class Action Settlement, wherein it determined the settlement to be fair, adequate, and the

8    product of good faith and extensive arm's-length negotiations.  The Court further approved

9    the Notice of Proposed Class Action Settlement, finding that the notice constituted

10   adequate and sufficient notice to class members for the purpose of participating in this

11   class action settlement, to opt out of this settlement, or to otherwise object.  *See*, Dkt. 36.

12   Pursuant to Federal Rule of Civil Procedure 23(e), Plaintiffs Frank "Joe" Mendez, Donald

13   Max Kimball and Sia Gould, on behalf of the certified class of bonus-eligible production

14   workers at Defendants' facility in Kalama, Washington, respectfully move the Court for an

15   Order Granting Final Approval of Class Action Settlement.

16           In accordance with the Order Granting Preliminary Approval of Class Action

17   Settlement (Dkt. 36), and the parties' Settlement Agreement (Dkt. 33, pp. 11-25), the

18   Court appointed JND Legal Administration as the Settlement Administrator in this action.

19   JND then sent the approved Notice of Proposed Class Action Settlement on November 8,

20   2021, to 161 identified eligible class members.  JND also established a toll-free telephone

21   information line, a fax number for the use of the settlement class, as well as a case-specific

22   email address for class members to communicate with the Settlement Administrator.  *See*,

23   Dkt. 39.  JND identified two settlement notices that were returned as undeliverable, and

24   JND sent the notices to the eligible class members at their respective corrected addresses.

25   Dkt. 41.  Also, on January 25, 2022, JND mailed the Court's Minute Order to the class

26   members, which provided class members with information about filing deadlines and their

PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 1
Case No. 3:19-cv-05691-TSZ

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

1  opportunity to attend the final settlement approval hearing in a remote capacity over the

2  ZoomGov.com platform.  *See*, Dkt. 40.

3         To Plaintiffs' knowledge, no class member objected to the terms of settlement, nor

4  did anyone request to be excluded from this settlement.  *Supplemental Declaration of*

5  *Jonathan P. Shaffer Regarding Notice and Settlement Administration* ("Shaffer Decl."),

6  ¶¶9-10.  Also, no class member objected or filed any opposition to Plaintiffs' Motion for

7  Approval of Attorneys' Fees, Case Costs, and Enhancement Awards (Dkt. 37).

8  *Declaration of Brian L. Dolman in Support of Final Approval of Class Action Settlement*

9  ("Dolman Decl."), ¶5.  As evidenced by the lack of objections or opt-outs, there are

10  presently no disputes to the settlement before the Court. This is a fair and reasonable

11  settlement for the 161 identified class members.  Therefore, Plaintiffs respectfully request

12  the Court issue an Order Granting Final Approval of Class Action Settlement and permit

13  the timely distribution of settlement funds to class members.

14         Separately, Plaintiffs filed a Motion for Approval of Attorneys' Fees, Case Costs,

15  and Enhancement Awards (Dkt. 37).  Plaintiffs request the Court grant an order

16  authorizing payment of Plaintiffs' attorneys' fees in the amount of $1,000,000.00 and

17  reimbursement of costs in the amount of $9,567.51, as well as the enhancement awards of

18  $5000.00 each to Plaintiffs Sia Gould and Donald Max Kimball.  Dkt. 37, 38; Dolman

19  Decl. at ¶3.  Finally, Plaintiffs also request Court authorization for settlement

20  administration costs to be paid to JND for costs for settlement administration services[1] (of

21  which $6,363.42 has already been paid by Plaintiffs' counsel), as permitted by the

22  Settlement Agreement.  Dkt. 33, pp. 11-25; Shaffer Decl. at ¶11; Dolman Decl. at ¶4.

23  Because Plaintiffs' counsel paid invoices delivered to them from JND, Plaintiffs seek

24  reimbursement of $6,363.42, either from the settlement fund or from JND, this amount

25  would have been paid to JND from the settlement fund regardless.  *Id.*

26

---

[1] The final amount of settlement administration services is unknown at this time as such services are ongoing.

PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 2
Case No. 3:19-cv-05691-TSZ

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

1

## II.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND

2

### A.    Plaintiffs' Allegations

3      Plaintiff Frank "Joe" Mendez previously worked as a bonus-eligible Paint Line

4  Operator on a manufacturing line that produces high-grade coated and painted metal

5  building products.  On July 3, 2019, he filed a putative class action in Cowlitz County

6  Superior Court wherein he alleged claims of 1) failure to pay wages in violation of RCW

7  49.46, 2) willful withholding of wages in violation of RCW 49.52, 3) breach of contract, 4)

8  breach of promise of good faith and fair dealing, 5) promissory estoppel, and 6) unjust

9  enrichment.  Dkt. 1.2.  As alleged, Plaintiff Mendez sought to recover unpaid wages for

10  those production workers eligible to receive fiscal-year-end bonuses under a) the

11  Steelscape LLC Kalama Production Employees Pay for Performance FY17 bonus plan,

12  and/or b) the Coated Products North America (CPNA) Bonus Pay for Performance

13  Steelscape Production & Production Support bonus plan in FY18.  On July 29, 2019,

14  Defendants Steelscape filed a Notice of Removal with the United States District Court for

15  the Western District of Washington at Tacoma.  Defendants cited the Class Action

16  Fairness Act (CAFA), 28 U.S.C. § 1332(d), as the basis for removal.  Dkt. 1.

17      On January 29, 2020, Plaintiff Mendez filed an Amended Complaint for Damages

18  and Other Relief to include his co-plaintiffs, Donald Max Kimball and Sia Gould.  Dkt. 18.

19  At the time of the events giving rise to the Amended Complaint, Plaintiff Kimball worked

20  as a bonus-eligible employee in the position of Slitter Operator on Defendants'

21  manufacturing line.  Plaintiff Gould worked in the bonus-eligible positions of Paint Line

22  Operator and Material Control on the manufacturing line.  On behalf of other similarly

23  situated production workers, Plaintiffs alleged that Defendants owed them significant

24  bonus income.

25

26

PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 3
Case No. 3:19-cv-05691-TSZ

**B.    Settlement After Years of Litigation and Extensive Negotiations**

In response to Plaintiffs' claims, Defendant Steelscape admitted that it altered the bonus plan and imposed a limitation on the bonus income earning potential of the class members. Dkt. 19.  Defendant otherwise denied liability for Plaintiffs' claims and their ability to recover the alleged unpaid bonus income.  *Id.*

The parties eventually agreed to explore the possibility of resolution by mediating Plaintiffs' claims, which occurred on September 11, 2020. Dkt. 33, ¶3.  Prior to this mediation session, Defendants produced information that Plaintiffs sought in discovery, including company policies, acknowledgments by employees who received the company handbook, emails referencing the performance bonus plan(s), anonymized data detailing bonus pay-outs and percentages of gross income for eligible production workers, the policy language for the bonus plans, and presentation materials published by Defendants when advising employees of the performance bonus plans.  The parties mediated for over 15 hours, but they were unable to resolve the case due to the early morning hour and the complexity of case issues.  *Id.*  For the next 8 months, the parties continued to discuss the legal issues and negotiate this case.  On multiple occasions, the parties utilized Mediator Teresa Wakeen extensively, and they continued to do so until striking an agreement in principle.  *Id.*, ¶ 4.  Following substantial and subsequent negotiations related to the terms of settlement and the contents of the Settlement Agreement, the parties fully ratified their intention to resolve this matter on June 18, 2021.  *Id.*, ¶5, Ex. 1.  At all times, Plaintiffs Gould, Kimball and Mendez were actively engaged in mediation and the negotiations process that brought about resolution of this case.  *Id.*, ¶3.

**C.    The Court Preliminarily Approved the Terms of Settlement**

On October 12, 2021, this Court issued an Order Granting Preliminary Approval of Class Action Settlement.  Dkt. 36.  In doing so, the Court provisionally certified the class,

PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 4
Case No. 3:19-cv-05691-TSZ

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

set forth a schedule for communications with the class members, and appointed JND as

Settlement Administrator. *Id*. The Court specifically determined as follows:

### 1. Class Definition

The parties negotiated a definition of the class to encompass the claims brought

by Plaintiffs and those eligible production employees at the Kalama facility. This

settlement and the class as defined will ensure a fair settlement value for the class.

Therefore, as certified by this Court in its Order Granting Motion for Preliminary

Approval of Class Action Settlement, the class receiving the benefits and scope of this

settlement is defined as follows:

> [A]ll current and former employees of Defendants who were employed in
> production positions during Fiscal Year 2017 and/or Fiscal Year 2018 at
> Defendants' facility in Kalama, Washington and who received a fiscal-year-
> end bonus for: (a) Fiscal Year 2017 under the Steelscape LLC Kalama
> Production Employees Pay for Performance FY17 bonus opportunity; and
> or (b) Fiscal Year 2018 under the Coated Products North America (CPNA)
> Bonus Pay for Performance Steelscape Production & Production Support
> bonus opportunity.

Dkt. 36, ¶6.

### 2. Settlement Benefits to Class Members

According to the terms of the Settlement Agreement, Defendants will establish a

settlement fund in the amount of up to $4,000,000.00 ("Gross Settlement Amount"). Dkt.

33, pp. 11-25. The parties' agreement specifies that the fund will be used to pay the

expenses related to settlement administration (up to $20,000), enhancement awards of

$5,000.00 each for Plaintiffs Kimball and Gould,[2] payment of Plaintiffs' attorneys' fees up

to 25% of the Gross Settlement Amount, and reimbursement of reasonable litigation costs

and expenses (not to exceed $10,000). *Id*. Defendant Steelscape reserved the right to

deduct from the Gross Settlement Amount any proportionate amount owing to a

---

[2] Plaintiff Mendez respectfully declined receipt of a service award for bringing this action and, therefore, he
is not party to the enhanced individual release language in the Settlement Agreement that is applicable to
Plaintiffs Kimball and Gould.

PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 5
Case No. 3:19-cv-05691-TSZ

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

production worker who chose to opt out from this settlement (the Opt-Out Adjustment).[3]

However, as confirmed by the Settlement Administrator, there are no opt-outs and,

therefore, no need to adjust the Gross Settlement Amount.  Shaffer Decl. at ¶¶9-10.

Each settlement award will be distributed on a proportional basis to each class

member based upon a Class List provided by Defendants to the Settlement Administrator.

Dkt. 33, pp. 11-25.  The proportional settlement awards are based upon actual bonuses

paid to each individual in the respective time period, which will be calculated to render a

percentage share of the Gross Settlement Amount.  According to the parties' calculations,

the average gross payment to the settlement class (in the absence of opt-outs) will exceed

$18,000.00. Dkt. 35.

### 3.  Settlement Administrator Complied with Preliminary Order

As approved by the Court, Plaintiffs retained JND Legal Administration as the

Settlement Administrator in this action.  Dkt. 36.  JND has extensive experience in serving

as Settlement Administrator for class action settlements.  JND confirmed that it performed

all applicable responsibilities pursuant to the Settlement Agreement and the Court's Order

Granting Preliminary Approval of Class Action Settlement.  Dkt. 36, ¶16.  As part of its

services, JND sent the requisite notice to the 161 class members, established a toll-free

number, a fax number, and a case-specific email address for class members to

communicate with the Settlement Administrator.  *See*, Dkt. 39.  In addition, JND sent to

the class members a copy of the Court's Minute Order (Dkt. 40) for the purpose of

communicating scheduling deadlines, as well as connection information in the event any

class members wish to attend the virtual hearing on February 22, 2022.  Dkt. 41; Dolman

Decl. at ¶2.

---

[3] The Opt-Out Adjustment is calculated as the amount that otherwise would have been payable to or on behalf of such individuals, multiplied by the Gross Settlement Amount of $4,000,000.00, which then would adjust downward Defendants' funding obligation.

PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 6
Case No. 3:19-cv-05691-TSZ

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

### III.    AUTHORITY AND ARGUMENT

As has been determined in the Ninth Circuit, settlements of complex class action lawsuits are strongly favored. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *Speed Shore Corp. v. Denda*, 605 F.2d 469, 473 (9th Cir. 1979) ("It is well recognized that settlement agreements are judicially favored as a matter of sound public policy. Settlement agreements conserve judicial time and limit expensive litigation.") As a general principle, a class action settlement is appropriate when determined to be "fair, adequate, and reasonable." *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993). It is within the broad discretion of the trial court to approve a class action settlement. *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).

When faced with a motion for final approval of class action settlement under Rule 23, the Court's essential inquiry is whether the settlement is "fair, adequate, and reasonable." *Stanton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003). A settlement is deemed as fair, adequate, and reasonable, and will merit final approval when "the interests of the class as a whole are better served by the settlement than by further litigation." Manual for Complex Litigation (Fourth) § 21.62 at 480 (2004). The Court's role is to ensure that "the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable, and adequate to all concerned." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) (internal citations omitted).

### 1.    The Proposed Settlement Is Fair Because It Was the Product of Arm's-Length, Non-Collusive Negotiations

The federal courts require that the parties' Settlement Agreement be the product of arm's-length, non-collusive negotiations, which protects both the Plaintiffs and the eligible members of the Settlement Class. Generally, "[t]here is a presumption of fairness when a

PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 7
Case No. 3:19-cv-05691-TSZ

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

1  proposed class settlement, which was negotiated at arm's-length by counsel for the class, is

2  presented for Court approval." *NEWBERG ON CLASS ACTIONS* § 11.41; *see also Ellis v.*

3  *Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D.Cal. 1980) ("considerable weight" given

4  to settlement reached after hard-fought negotiations).  In this case, the negotiations were

5  indeed hard-fought, as the parties arrived at the Settlement Agreement many months

6  beyond their original mediation date.  Also, at all times, Plaintiffs Kimball, Mendez and

7  Gould exhibited diligence and concern for their fellow class members, as each were

8  involved extensively in the ongoing negotiations.  Dkt. 33, ¶¶2-5.

9       The Settlement Agreement in this case is presumptively fair because the parties

10  arrived at this resolution after months of arm's length negotiations; there is nothing to

11  suggest a notion of collusion between the parties.  *See Pelletz v. Weyerhaeuser Co.*, 255

12  F.R.D. 537, 542–43 (W.D.Wash. 2009) (approving settlement "reached after good faith,

13  arms-length negotiations").  In fact, beyond the initial mediation session, the parties

14  continued to utilize Mediator Teresa Wakeen extensively over a period of months.  Dkt.

15  33, ¶4.  The involvement of a highly experienced mediator also strongly evidences the

16  non-collusive nature of this settlement.  *See Thieriot v. Celtic Ins. Co.*, No. C-10-04462-

17  LB, 2001 WL 1522385, at *5 (N.D.Cal. April 21, 2011) ("[T]he settlement is the product

18  of serious, non-collusive, arms' length negotiations by experienced counsel with the

19  assistance of an experienced mediator at JAMS . . . In sum, the court finds that viewed as a

20  whole, the settlement is sufficient "fair, adequate, and reasonable" such that approval of

21  the settlement is warranted"); *see also Adams v. Inter-Con Security Sys., Inc.*, No. C-06-

22  5428 MHP, 2007 WL 3225466 (N.D.Cal. October, 30, 2007); *see also In re Austrian and*

23  *German Holocaust Litig.*, 80 F.Supp.2d 165, 173-74 (S.D.N.Y. 2000).

24       Following their mediation and ongoing negotiations over a period of months, the

25  parties then engaged in further extensive back-and-forth negotiations about the terms and

26  conditions of the final settlement agreement.  The parties eventually achieved a mutual

PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 8
Case No. 3:19-cv-05691-TSZ

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

1  agreement, which was fully executed on June 18, 2021.  Dkt. 33, ¶5.  Overall, the parties

2  negotiated for approximately eight (8) months to achieve a final signed Settlement

3  Agreement that they believe is fair, reasonable, and in the best interest of the class.  Dkt.

4  33, ¶10.  Arm's-length negotiations conducted by competent, informed counsel are *prima*

5  *facie* evidence of a settlement that is fair and reasonable.  *See, Hughes v. Microsoft Corp.*,

6  C93-0178C, 2001 WL 34089697, at *7 (W.D.Wash. Mar. 26, 2001) ("A presumption of

7  correctness is said to attach to a class settlement reached in arms-length negotiations

8  between experienced capable counsel"); *see also, Pelletz v. Weyerhaeuser Co.*, 255 F.R.D.

9  537, 542-43 (W.D.Wash. 2009) (approving settlement "reached after good faith, arms-

10  length negotiations"); *see also, In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 227

11  F.R.D. 553, 567 (W.D.Wash. 2004) (approving settlement "entered into in good faith,

12  following arms-length and non-collusive negotiations").  As a result, the parties' hard-

13  fought Settlement Agreement is entitled to a presumption of fairness.

14         **2.**      **The Settlement Is Reasonable and Adequate**

15        A thoughtful evaluation of whether the Settlement Agreement is adequate and

16  reasonable requires this Court to balance the following factors: "the strength of the

17  plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the

18  risk of maintaining class action status throughout the trial; the amount offered in

19  settlement; the extent of discovery completed, and the stage of the proceedings; the

20  experience and views of counsel."  *Hanlon*, 150 F.3d at 1026.

21        In the case at bar, this class action settlement provides timely, certain relief for the

22  class members.  Considering the 161 identified class members who will benefit from this

23  settlement, even after deduction of administrative expenses, enhancement awards,

24  attorneys' fees and case costs, the proportional distribution of settlement funds to most

25  class members will represent substantial value.  This excellent result will satisfy the

26  reasonableness and adequacy standards for an approved settlement.

PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 9
Case No. 3:19-cv-05691-TSZ

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

### a.  Assessment of the Risks

Plaintiffs recognized the risks inherent to litigation, as well as the asserted defenses, which could have impacted the recovery of class members if litigation were to proceed.  Plaintiffs' claims focused on the following contentions: (1) the eligible members of the Settlement Class did not receive the full benefit of bonuses owed in FY17 and FY18 and, therefore, the employer wrongfully withheld these wages; (2) the employer breached promises pertaining to its bonus plans, namely by changing the terms of the same after the employees had already out-performed their bonus threshold; and (3) the Settlement Class is entitled to other equitable relief based on the underpayment of bonus income during a period of exceptional profitability for Defendants.  It must be noted, however, that Plaintiffs' recovery after predictably lengthy litigation was far from certain.

As an example of the risks considered by Plaintiffs, bonus income is considered "wages" under Washington law, but Plaintiffs would also need to prove that Defendants withheld bonus monies that were earned and owed to the employees, and further prove that the employer purposely withheld those wages if exemplary damages were to be recovered. RCW 49.52.070; *LaCousiere v. Camwest Dev., Inc.*, 181 Wn.2d 734, 741, 339 P.2d 963 (2014); *Snoqualmie Police Ass'n v. City of Snoqualmie*, 165 Wn.App. 895, 908, 273 P.3d 983 (2012).  Further, it remained possible that the Court could side with the employer's discretion to alter its bonus plan from one year to the next.  Plaintiffs also recognized their obligation to prove the existence of enforceable promises about bonuses, and whether the employer reserved the right to modify its obligations to pay bonuses based on certain performance thresholds.  *Spooner v. Reserve Life Ins. Co.*, 47 Wn.2d 454, 458-59, 287 P.2d 735 (1955); *Simon v. Riblet Tramway Co.*, 8 Wn.App. 289, 291-94, 505 P.2d 1291 (1973); *Powell v. Republic Creosoting Co.*, 172 Wash. 155, 158-60, 19 P.2d 919 (1933).

PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 10
Case No. 3:19-cv-05691-TSZ

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

Finally, Plaintiffs were aware of the risk that Defendants would challenge the class or otherwise attempt to differentiate the interests of the members within the class. If Defendants were able to distinguish differing legal interests between employees and disrupt the commonality between groups of employees, Defendants could find success in reducing the size of the Settlement Class, or successfully oppose certification altogether. Fed.R.Civ.P. 23(a).

### b. Amount Offered in Settlement and Experience and Views of Counsel

The compensation provided by Defendants to resolve this dispute is a significant sum, yet it also represents a compromise of Plaintiffs' claims. For the 161 identified production workers, a settlement of up to $4,000.000.00 is substantial and will provide unpaid bonus income to these deserving employees. In comparison to many other wage claims or other consumer-based class actions, and average gross recovery for class members of $18,000.00 is an outstanding outcome. Dkt. 35. *See, e.g., In re Capital One TCPA Litig.*, 80 F.Supp.3d 781, 787 (N.D.Ill. 2015) (providing $34.60 per claiming class member); *Cubbage v. Talbots, Inc.*, No. 09-cv-00911-BHS, ECF No. 114 (W.D.Wash. Nov. 5, 2012) (class members received $40.00 cash or a $80.00 certificate). Further, while the class members could potentially recover a higher amount at trial, they could also recover less, and perhaps nothing at all given the factual and legal issues discussed above.

As part of this reasonable settlement, Plaintiffs Gould and Kimball also deserve an enhancement award of $5000.00 each for bringing and litigating this case on behalf of the class members. Dkt. 37. Enhancement awards are generally appropriate, as such awards promote the public policy of encouraging individuals to undertake the responsibility of representative lawsuits, as well as the relative impacts of the time, cost and effort that a class representative must often personally endure in order to bring relief for the class. Service awards are often approved in class settlements. *See, Grays Harbor Adventist Christian Sch. v. Carrier Corp.*, 2008 WL 1901988, at *7 (W.D.Wash. April 24, 2008); *see*

PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 11
Case No. 3:19-cv-05691-TSZ

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

1  *also, In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2003);  *see also,*

2  Manual for Complex Litigation (Fourth) § 21.62 n.336 (2004) (service awards may be

3  "merited for time spent meeting with the class members, monitoring cases, or responding

4  to discovery") (citation omitted).

5        **3.**      **Class Members Received Reasonable Notice**

6        Pursuant to Fed. R. Civ. P. 23(e)(1)(B), "[t]he court must direct notice in a

7  reasonable manner to all class members who would be bound by a proposed settlement,

8  voluntary dismissal, or compromise."  Further, the court should direct "the best notice

9  practicable through reasonable effort."  See, Fed. R. Civ. P. 23(c)(2).  A notice of

10  settlement is "satisfactory if it 'generally describes the terms of the settlement in sufficient

11  detail to alert those with adverse viewpoints to investigate and come forward and be

12  heard.'"  *Churchill Village, LLC v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004)

13  (*citing Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980)).

14        In this case, the settlement notice is presumptively adequate, as the parties amended

15  the Notice of Proposed Class Action Settlement to include additional details, as directed by

16  the Court.  Dkt. 35.  Further, the Settlement Administrator carried out the notice plan and

17  even provided additional notice to the settlement class in regard to this Court's Minute

18  Order (Dkt. 40).  Dkt. 39, 41; Shaffer Decl. at ¶¶2-4; Dolman Decl. at ¶2.  The notice plan,

19  as well as the additional follow-up, satisfy the requirements of Fed. R. Civ. P. 23(e)(1)(B).

20  The Settlement Administrator further endeavored to reach all class members through

21  available means.  Shaffer Decl. at ¶¶3-4.  The Supreme Court held on several occasions

22  that the identification of viable addresses is the best notice "practicable under the

23  circumstances."  *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173, 94 S.Ct. 2140 (1974).

24        According to the Settlement Administrator, on October 25, 2021, counsel for

25  Defendants provided to JND a data file with details about 161 class members.  Dkt. 36, ¶3.

26  On November 9, 2021, Defendants then provided to JND a supplemental data file

PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 12
Case No. 3:19-cv-05691-TSZ

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

1   containing bonus pay-out information.  *Id.*, ¶4.  Based on the information received from

2   Defendants, JND then provided to class members the approved Notice of Proposed Class

3   Action Settlement via USPS first-class regular mail.  *Id.*, ¶6.  The detailed Notice of

4   Proposed Class Action Settlement, as distributed by the Settlement Administrator,

5   provided information about 1) the case and the terms of settlement, 2) the identification of

6   the class representatives and definition of the class, 3) the procedure for opting out of the

7   settlement, 4) the procedure for asserting objections, 5) payout scenarios depending on the

8   number of potential opt-outs, and 6) contact information in the event class members had

9   any questions or concerns.  *Id.*, pp. 6-14.

10          In addition to the distribution of the settlement notification, JND also distributed

11  the Court's Minute Order (Dkt. 40), as directed.  Dkt. 41; Shaffer Decl. at ¶2; Dolman

12  Decl. at ¶2.  The Settlement Administrator successfully delivered 160 of the 161 settlement

13  notices to the class members.  Shaffer Decl. at ¶3.  Plaintiffs have since taken steps to

14  secure the contact information for the missing class member in order to ensure proper

15  delivery of settlement funds.  Dolman Decl. at ¶6.

16          **4.      Class Members Responded Favorably to the Settlement**

17          In evaluating whether to grant final approval of a settlement, this Court may "gauge

18  the reaction of other class members" by assessing "the number of requests for exclusion, as

19  well as the objections submitted."  *In re Toys 'R' Us-Del., Inc., FACTA Litig.*, 295 F.R.D.

20  438, 455 (C.D.Cal. 2014).  In this case, no class member has opted out, nor has anyone

21  asserted an objection.  Shaffer Decl. at ¶¶9-10; Dolman Decl. at ¶5.  This suggests that an

22  "overwhelming majority of the class willingly approved of the offer and stayed in the

23  class," which creates "objective positive commentary as to its fairness."  *Hanlon v.*

24  *Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1988); *see also, Nat'l Rural Tele. Coop. v.*

25  *DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D.Cal. 2004) ("[T]he absence of a large number

26  of objections to a proposed class action settlement raises a strong presumption that the

PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 13
Case No. 3:19-cv-05691-TSZ

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

1   terms of a proposed class settlement action are favorable to the class members."); *Chun-*
2   *Hoon v. McKee Foods Corp.*, 716 F.Supp.2d 848, 852 (N.D.Cal. 2010) (concluding that
3   "the absence of a negative reaction strongly supports settlement" where there were zero
4   objections and less than 5% of the class opted out).

5   **5.    Plaintiffs' Updated Case Costs**

6       Plaintiffs respectfully request the Court order reimbursement of case costs in the
7   amount of $9,567.51.  Dolman Decl. at ¶3, Ex. A.  This amount is different than the
8   amount requested in Plaintiffs' earlier motion, as Plaintiffs' counsel captured a few
9   additional costs.  Dkt. 37.  Plaintiffs supplied the Court with an updated cost report and
10  request reimbursement of this updated sum.  Dolman Decl. at ¶3, Ex. A.

11      On a related subject, Plaintiffs' counsel paid to JND the amount of $6,363.42
12  because HKM Employment Attorneys received invoices for settlement administration
13  services.  Dolman Decl. at ¶4, Ex. B; Shaffer Decl. at ¶11.  Plaintiffs request the Court to
14  either 1) authorize payment to HKM Employment Attorneys in the amount of $6,363.42
15  for the settlement administration services that were paid by counsel, or 2) authorize
16  Plaintiffs to receive reimbursement directly from JND.  Dolman Decl. at ¶4.

17  **6.    Plaintiffs' Attorney Fees**

18      Pursuant to the Court's Minute Order (Dkt. 40), Plaintiffs' counsel is responsible to
19  file any responses or objections to the Motion for Attorneys' Fees, Case Costs, and
20  Enhancement Awards, that may have been received by counsel from individual class
21  members.  Plaintiffs' counsel received no responses or objections from class members, all
22  of whom appear satisfied with this settlement and acknowledge that the attorneys should
23  be compensated for their time and efforts in achieving this outcome.  Dolman Decl. at ¶5.
24  When deciding the request for fees (Dkt. 37), Plaintiffs and their counsel request this Court
25  to take judicial notice that they have expended additional and substantial attorney time to
26  manage this case and pursue final approval of this class action settlement.  *Id.*

PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 14
Case No. 3:19-cv-05691-TSZ

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

1

**7.     Undelivered Notice to Missing Class Member**

2

Plaintiffs identified, along with JND, that one settlement notice may not have been

3

delivered to a class member who recently moved.  Shaffer Decl. at ¶¶3-4.  Plaintiffs and

4

JND diligently worked together to reconcile this issue.  Plaintiffs located the missing class

5

member, who confirmed his status as a class member, provided his contact information,

6

and verified his receipt of the Court's Minute Order (Dkt. 40).  Dolman Decl. at ¶6, Ex. C.

7

Plaintiffs' counsel also provided to the missing class member a copy of the settlement

8

notification.  *Id*.  As such, all class members have received adequate notice, there are no

9

opt-outs, and no objections.  *Id*.; Shaffer Decl. at ¶¶9-10.

10

**IV.     CONCLUSION**

11

For all the foregoing reasons, Plaintiffs respectfully request that the Court issue an

12

Order Granting Plaintiffs' Motion for Final Approval of Class Action Settlement, and

13

direct payment the settlement fund in accordance with the parties' Settlement Agreement.

14

In addition, Plaintiffs respectfully request payment of the enhancement awards of

15

$5,000.00 each to Plaintiffs Sia Gould and Donald Max Kimball, payment of attorneys'

16

fees in the amount of 25% of the Gross Settlement Amount, payment of Plaintiffs' case

17

costs, as well as payment to JND for settlement administration services.

18

///

19

///

20

///

21

///

22

///

23

///

24

///

25

///

26

PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 15
Case No. 3:19-cv-05691-TSZ

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

1    RESPECTFULLY SUBMITTED this 10th day of February, 2022.

2

3                                        HKM EMPLOYMENT ATTORNEYS LLP

4

5                                        */s/ Brian L. Dolman*
                                         Donald W. Heyrich, WSBA No. 23091
6                                        Erin S. Norgaard, WSBA No. 32789
                                         Brian L. Dolman, WSBA No. 32365
7                                        HKM Employment Attorneys LLP
                                         600 Stewart Street, Suite 901
8                                        Seattle, WA 98101
                                         Tel: (206) 838-2504
9                                        Email: dheyrich@hkm.com
10                                              enorgaard@hkm.com
                                               bdolman@hkm.com
11                                       *Attorneys for Plaintiffs*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 16
Case No. 3:19-cv-05691-TSZ

1

**CERTIFICATE OF SERVICE**

2

3        I hereby certify that on February 10, 2022, I caused the foregoing document to be

4   electronically filed with the Clerk of the Court, using the CM/ECF system, which will send

5   notification of such filing to the following attorneys of record.

6

7   Patrick M. Madden
    Ryan D. Redekopp
    K&L Gates LLP
8   925 Fourth Avenue, Suite 2900
    Seattle, WA 98104
9   patrick.madden@klgates.com
    ryan.redekopp@klgates.com
10

11        DATED this 10th day of February, 2022.

12

13                                            *Angela Tracy*_____
                                              Angela Tracy, Legal Assistant
14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 17
Case No. 3:19-cv-05691-TSZ

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504