THE HONORABLE THOMAS S. ZILLY

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRANK "JOE" MENDEZ, an individual, on behalf of himself and others similarly situated; DONALD MAX KIMBALL, an individual, on behalf of himself and others similarly situated; and SIA GOULD, an individual, on behalf of herself and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>STEELSCAPE WASHINGTON, LLC, a Washington limited liability company; and STEELSCAPE, LLC, a foreign limited liability company,<br><br>Defendants. | NO. 3:19-cv-05691-TSZ<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**HEARING DATE:**<br>February 22, 2022, at 10:00 a.m.<br><br>**Hearing Connection Information:**<br>www.wawd.uscourts.gov/Steelscape |

**ORDER**

Plaintiffs Frank "Joe" Mendez, Donald Max Kimball, and Sia Gould, on behalf of themselves and on behalf other similarly situated persons, filed a Motion for Final Approval of Class Action Settlement. Dkt. 42. Defendants Steelscape Washington, LLC, and Steelscape, LLC (collectively "Steelscape"), do not oppose this motion, and there are no known opt-outs or objectors to this settlement. Separately, Plaintiffs filed a Motion for

[PROPOSED] ORDER GRANTING
FINAL APPROVAL OF CLASS
ACTION SETTLEMENT – 1
Case No. 3:19-cv-05691-TSZ

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

Approval of Attorneys' Fees, Case Costs, and Enhancement Awards.  Dkt. 37.  This motion likewise received no opposition from either opposing counsel or the Settlement Class.  Having considered the parties' Settlement Agreement (Dkt. 33, pp. 11-25), the Motion for Final Approval of Class Action Settlement, the Declaration of Brian L. Dolman and related exhibits, the Motion for Approval of Attorneys' Fees, Case Costs, and Enhancement Awards, the Declaration of Donald W. Heyrich and supporting exhibit, and the various declarations of Jonathan Shaffer as Settlement Administrator, as well as the arguments of counsel,

IT IS HERBY ORDERED AND ADJUDGED as follows:

1. The Court has jurisdiction over the subject matter of the Action and the Parties, including all members of the Settlement Class, and venue is proper in the District.

2. Pursuant to Fed. R. Civ. P. 23, the Court approves the settlement of this Action, as embodied in the terms of the Settlement Agreement, and find that the Settlement is, in all respects, fair, reasonable, and adequate.  The parties' agreement, as memorialized in the Settlement Agreement, is in the best interests of the Settlement Class in light of the factual, legal, practical, and procedural considerations raised in this case.  The Settlement Agreement is the product of good faith, arm's-length negotiations by the parties, each of whom was represented by experienced counsel.  The Settlement Agreement is hereby incorporated by reference into this Order, is hereby adopted as an Order of this Court, and becomes part of the final judgment in this Action.

3. The definitions contained within the Settlement Agreement are hereby incorporated by reference into this Order.

4. As explained in the Order Granting Preliminary Approval (Dkt. 36), pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), the Court hereby certifies, for purposes of settlement, the Settlement Class, as follows:

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT – 2
Case No. 3:19-cv-05691-TSZ

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

> [A]ll current and former employees of Defendants who were employed in production positions during Fiscal Year 2017 and/or Fiscal Year 2018 at Defendants' facility in Kalama, Washington and who received a fiscal-year-end bonus for: (a) Fiscal Year 2017 under the Steelscape LLC Kalama Production Employees Pay for Performance FY17 bonus opportunity; and or (b) Fiscal Year 2018 under the Coated Products North America (CPNA) Bonus Pay for Performance Steelscape Production & Production Support bonus opportunity.

5. The Court hereby finds that the Notice of Proposed Class Action Settlement, previously delivered to the Settlement Class via U.S. first class mail is approved as follows: 1) The Notice was in compliance with the Order Granting Preliminary Approval of Class Action Settlement (Dkt. 36); it constituted the best notice practicable under the circumstances; 3) it constituted a valid, due, and sufficient notice to all persons affected by and/or entitled to participate in the Settlement Agreement; and 4) the Settlement Administrator delivered information to the Settlement Class in full compliance with the notice requirements of Fed. R. Civ. P. 23 and due process.

6. The Court finds that there were no objections to the settlement and that no members of the Settlement Class requested to be opted-out from the benefits of the Settlement Agreement.

7. The Court confirms the appointment of Frank "Joe" Mendez, Donald Max Kimball, and Sia Gould as the Representative Plaintiffs of the Settlement Class and finds that they meet the requirements of Fed. R. Civ. P. 23(a)(4).

8. The Court confirms the appointment of the following attorneys as Class Counsel, and finds that they meet the requirements of Fed. R. Civ. P. 23(a)(4):

> Donald W. Heyrich
> Erin S. Norgaard
> Brin L. Dolman
> HKM Employment Attorneys LLP
> 600 Stewart Street, Suite 901
> Seattle, WA 98101

[PROPOSED] ORDER GRANTING
FINAL APPROVAL OF CLASS
ACTION SETTLEMENT – 3
Case No. 3:19-cv-05691-TSZ

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

1     9.     This Court further finds that, pursuant to Fed. R. Civ. P. 23(e)(2), the following factors weigh strongly in favor of determining that the Settlement Agreement is fair, reasonable, and adequate, as follows:

      a. The Class Representatives and Class Counsel have adequately represented the Settlement Class. Plaintiff Frank "Joe" Mendez first filed this putative class action on July 3, 2019, and Plaintiffs Donald Max Kimball and Sia Gould later joined this action via an amended complaint on January 29, 2020. Class Counsel are experienced. The litigation was complicated, hard fought, and included months of negotiations.

      b. The proposal was negotiated at arm's-length and in good faith. The parties first mediated with an experienced and respected mediator, Teresa Wakeen, for over 15 hours. The parties continued to negotiate with the assistance of Ms. Wakeen for months. Even beyond reaching an agreement in principle, the parties engaged in extended negotiations between themselves regarding the terms of settlement.

      c. The relief provided for the Settlement Class is adequate in light of the following findings:

          (i) As to the costs, risks, and delay of trial and appeal, the Court agrees that, for the reasons explained in Plaintiff's motions (Dkt. 32, 42), both parties faced significant risks – both on the merits and as to class certification – that made settlement preferrable to continued litigation.

          (ii) The Court also finds that the proposed method of distributing relief to the Class Members is effective. JND Legal Administration ("JND"), an experienced claims administrator, provided a detailed notice approved by this Court and included: a) notice of the settlement via U.S. first class mail to 161 recognized members of the Settlement Class; b) follow-up notice with 2 Class Members whose original notice was returned as undeliverable; c) a toll-free telephone information line; d) a fax information line; e) a settlement email address; and f) JND also distributed the Court Minute Order

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT – 4
Case No. 3:19-cv-05691-TSZ

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

(Dkt. 40) to members of the Settlement Class, which provided each member with adequate notice of deadlines and the opportunity to attend the hearing on final approval.

(iii) The proposed amount and timing of the attorneys' fee award is fair and appropriate. The class settlement provides a common fund with a total value of $4,000,000.00. The proposed attorneys' fee award of $1,000,000.00 constitutes 25% of the settlement fund. This amount reflects the 25% "benchmark" that is the standard in the Ninth Circuit. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). In addition, the fees will not be paid until after final approval, and done so in a manner that corresponds with payments to the Settlement Class.

(iv) The parties' agreement is memorialized in the Settlement Agreement that the Court has approved, and there are no other agreements between the parties that are required to be identified under Rule 23(e)(3).

d. The settlement treats the members of the Settlement Class equally relative to each other. The settlement payments to the Settlement Class will be based on each member's calculated gross earnings for Fiscal Years 2017 and 2018, and distributed proportionally based on the calculated share of the settlement fund.

10. The Court recognizes the lack of opposition to the settlement. At the time of the final approval hearing, no members of the Settlement Class opted-out and there were no filed or spoken objections submitted to the Court.

11. In sum, the Court finds that the Settlement Agreement is fair, adequate, and reasonable. Accordingly, the Settlement Agreement should be, and is, approved and shall govern all remaining issues regarding the settlement and all rights of the parties to this settlement, including the Settlement Class. Each member of the Settlement Class shall be bound by the Settlement Agreement, including the releases therein.

12. It is further ORDERED that the Settlement Class is officially certified for purposes of effectuating this settlement.

[PROPOSED] ORDER GRANTING
FINAL APPROVAL OF CLASS
ACTION SETTLEMENT – 5
Case No. 3:19-cv-05691-TSZ

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

13.     The parties are hereby ORDERED to promptly carry out their respective obligations under the Settlement Agreement and JND is hereby DIRECTED to complete the administration of this settlement in a manner consistent with the Settlement Agreement.

14.     In accordance with the Settlement Agreement, the Settlement Administrator shall issue payment to Class Counsel for attorneys' fees in the amount of $1,000,000.00 and costs in the amount of $9,567.51.  Class Counsel is further directed to seek reimbursement from JND in the amount of $6,363.42, for settlement administration services paid to date.

15.     In accordance with the Settlement Agreement, the Settlement Administrator shall issue payments of $5,000.00 each to Plaintiff Sia Gould and Plaintiff Donald Max Kimball as an enhancement award for their time, efforts, and dedication to this litigation and resolution of the same.

16.     In accordance with the Settlement Agreement, the Settlement Administrator shall pay itself for the actual costs of settlement administration, not to exceed $19,700.00.

17.     All Released Claims of each member of the Settlement Class (as defined in the Settlement Agreement) are hereby DISMISSED with prejudice.

18.     This Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement.  The Court further retains jurisdiction to enforce this Order entered this day.

**IT IS SO ORDERED.**


DATED this ____ of _____, 2022.


_____
HONORABLE THOMAS S. ZILLY
U.S. District Court Judge

[PROPOSED] ORDER GRANTING
FINAL APPROVAL OF CLASS
ACTION SETTLEMENT – 6
Case No. 3:19-cv-05691-TSZ

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504