THE HONORABLE THOMAS S. ZILLY

1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF WASHINGTON
9                        AT TACOMA

10

FRANK "JOE" MENDEZ, an individual, on
11    behalf of himself and others similarly situated;          C19-5691 TSZ
      DONALD MAX KIMBALL, an individual, on
12    behalf of himself and others similarly situated;       **ORDER AND JUDGMENT**
      and SIA GOULD, an individual, on behalf of
13    herself and others similarly situated,

14                          Plaintiffs,

15    vs.

16
      STEELSCAPE WASHINGTON, LLC, a
17    Washington limited liability company; and
      STEELSCAPE, LLC, a foreign limited liability
18    company,

19                          Defendants.

20

21

22                          **ORDER**

23          Plaintiffs Frank "Joe" Mendez, Donald Max Kimball, and Sia Gould, on behalf of

24    themselves and on behalf other similarly situated persons, filed a Motion for Final

25    Approval of Class Action Settlement.  Dkt. 42.  Defendants Steelscape Washington, LLC,

26    and Steelscape, LLC (collectively "Steelscape"), do not oppose this motion, and there are

ORDER GRANTING
FINAL APPROVAL OF CLASS
ACTION SETTLEMENT – 1
C19-5691 TSZ

1   no known opt-outs or objectors to this settlement.  Separately, Plaintiffs filed a Motion for

2   Approval of Attorneys' Fees, Case Costs, and Enhancement Awards.  Dkt. 37.  This

3   motion likewise received no opposition from either opposing counsel or the Settlement

4   Class.  Having considered the parties' Settlement Agreement (Dkt. 33, pp. 11-25), the

5   Motion for Final Approval of Class Action Settlement, the Declaration of Brian L. Dolman

6   and related exhibits, the Motion for Approval of Attorneys' Fees, Case Costs, and

7   Enhancement Awards, the Declaration of Donald W. Heyrich and supporting exhibit, and

8   the various declarations of Jonathan Shaffer as Settlement Administrator, as well as the

9   arguments of counsel,

10       IT IS HERBY ORDERED AND ADJUDGED as follows:

11       1.      The Court has jurisdiction over the subject matter of the Action and the

12   Parties, including all members of the Settlement Class, and venue is proper in the District.

13       2.      Pursuant to Fed. R. Civ. P. 23, the Court approves the settlement of this

14   Action, as embodied in the terms of the Settlement Agreement, and finds that the

15   Settlement is, in all respects, fair, reasonable, and adequate.  The parties' agreement, as

16   memorialized in the Settlement Agreement, is in the best interests of the Settlement Class

17   in light of the factual, legal, practical, and procedural considerations raised in this case.

18   The Settlement Agreement is the product of good faith, arm's-length negotiations by the

19   parties, each of whom was represented by experienced counsel.  The Settlement

20   Agreement is hereby incorporated by reference into this Order, is hereby adopted as an

21   Order of this Court, and becomes part of the final judgment in this Action.

22       3.      The definitions contained within the Settlement Agreement are hereby

23   incorporated by reference into this Order.

24       4.      As explained in the Order Granting Preliminary Approval (Dkt. 36),

25   pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), the Court hereby certifies, for purposes of

26   settlement, the Settlement Class, as follows:

ORDER GRANTING
FINAL APPROVAL OF CLASS
ACTION SETTLEMENT – 2
C19-5691 TSZ

1

2

3

4

5

6

> [A]ll current and former employees of Defendants who were employed in production positions during Fiscal Year 2017 and/or Fiscal Year 2018 at Defendants' facility in Kalama, Washington and who received a fiscal-year-end bonus for: (a) Fiscal Year 2017 under the Steelscape LLC Kalama Production Employees Pay for Performance FY17 bonus opportunity; and or (b) Fiscal Year 2018 under the Coated Products North America (CPNA) Bonus Pay for Performance Steelscape Production & Production Support bonus opportunity.

7

8

9

10

11

12

13

14

5.    The Court hereby finds that the Notice of Proposed Class Action Settlement, previously delivered to the Settlement Class via U.S. first class mail is approved as follows:  1) The Notice was in compliance with the Order Granting Preliminary Approval of Class Action Settlement (Dkt. 36); 2) it constituted the best notice practicable under the circumstances; 3) it constituted a value, due, and sufficient notice to all persons affected by and/or entitled to participate in the Settlement Agreement; and 4) the Settlement Administrator delivered information to the Settlement Class in full compliance with the notice requirements of Fed. R. Civ. P. 23 and due process.

15

16

17

6.    The Court finds that there were no objections to the settlement and that no members of the Settlement Class requested to be opted-out from the benefits of the Settlement Agreement.

18

19

20

7.    The Court confirms the appointment of Frank "Joe" Mendez, Donald Max Kimball, and Sia Gould as the Representative Plaintiffs of the Settlement Class and finds that they meet the requirements of Fed. R. Civ. P. 23(a)(4).

21

22

8.    The Court confirms the appointment of the following attorneys as Class Counsel, and finds that they meet the requirements of Fed. R. Civ. P. 23(a)(4):

23

24

25

26

> Donald W. Heyrich
> Erin S. Norgaard
> Brin L. Dolman
> HKM Employment Attorneys
> 600 Stewart Street, Suite 901
> Seattle, WA 98101

ORDER GRANTING
FINAL APPROVAL OF CLASS
ACTION SETTLEMENT – 3
C19-5691 TSZ

9.      This Court further finds that, pursuant to Fed. R. Civ. P. 23(e)(2), the following factors weigh strongly in favor of determining that the Settlement Agreement is fair, reasonable, and adequate, as follows:

a. The Class Representatives and Class Counsel have adequately represented the Settlement Class.  Plaintiff Frank "Joe" Mendez first filed this putative class action on July 3, 2019, and Plaintiffs Donald Max Kimball and Sia Gould later joined this action via an amended complaint on January 29, 2020.  Class Counsel are experienced. The litigation was complicated, hard fought, and included months of negotiations.

b. The proposal was negotiated at arm's-length and in good faith.  The parties first mediated with an experienced and respected mediator, Teresa Wakeen, for over 15 hours.  The parties continued to negotiate with the assistance of Ms. Wakeen for months.  Even beyond reaching an agreement in principle, the parties engaged in extended negotiations between themselves regarding the terms of settlement.

c. The relief provided for the Settlement Class is adequate in light of the following findings:

(i) As to the costs, risks, and delay of trial and appeal, the Court agrees that, for the reasons explained in Plaintiff's motions (Dkt. Nos. 32, 42), both parties faced significant risks – both on the merits and as to class certification – that made settlement preferable to continued litigation.

(ii) The Court also finds that the proposed method of distributing relief to the Class Members is effective.  JND Legal Administration ("JND"), an experienced claims administrator, provided a detailed notice approved by this Court and included:  a) notice of the settlement via U.S. first class mail to 162 recognized members of the Settlement Class; b) follow-up notice with 2 Class Members whose original notice was returned as undeliverable; c) a toll-free telephone information line; d) a fax information line; e) a settlement email address; f) JND also distributed the Court's Minute

ORDER GRANTING
FINAL APPROVAL OF CLASS
ACTION SETTLEMENT – 4
C19-5691 TSZ

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

1   Order (Dkt. 40) to members of the Settlement Class, which provided each member with

2   adequate notice of deadlines and the opportunity to attend the hearing on final approval;

3   and g) the parties identified and agreed to the inclusion of an additional Class Member who

4   worked a limited period of time as a production worker in Fiscal Year 17.

5          (iii) The proposed amount and timing of the attorneys' fee award is

6   fair and appropriate.  The class settlement provides a common fund with a total value of

7   $4,000,000.00.  The proposed attorneys' fee award of $1,000,000.00 constitutes 25% of

8   the settlement fund.  This amount reflects the 25% "benchmark" that is the standard in the

9   Ninth Circuit.  *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir.

10  2011).  In addition, the fees will not be paid until after final approval, and done so in a

11  manner that corresponds with payments to the Settlement Class.

12         (iv) The parties' agreement is memorialized in the Settlement

13  Agreement that the Court has approved, and there are no other agreements between the

14  parties that are required to be identified under Rule 23(e)(3).

15         d. The settlement treats the members of the Settlement Class equally

16  relative to each other.  The settlement payments to the Settlement Class will be based on

17  each member's calculated gross earnings for Fiscal Years 2017 and 2018, and distributed

18  proportionally based on the calculated share of the settlement fund.

19     10.   The Court recognizes the lack of opposition to the settlement.  At the time

20  of the final approval hearing, no members of the Settlement Class opted-out and there were

21  no filed or spoken objections submitted to the Court.

22     11.   The Court also delayed final approval of this settlement to accommodate the

23  fact that Defendants had not provided a statutorily-required CAFA Notice pursuant to

24  28 U.S.C. § 1715.  Pursuant to this Court's order, Defendant complied with the CAFA

25  Notice requirement.  Dkt. Nos. 49, 51.  To date, no government official has voiced concern

26  or objection concerning this settlement.

ORDER GRANTING
FINAL APPROVAL OF CLASS
ACTION SETTLEMENT – 5
C19-5691 TSZ

12.     In sum, the Court finds that the Settlement Agreement is fair, adequate, and reasonable.  Accordingly, the Settlement Agreement should be, and is, approved and shall govern all remaining issues regarding the settlement and all rights of the parties to this settlement, including the Settlement Class.  Each member of the Settlement Class shall be bound by the Settlement Agreement, including the releases therein.

13.     It is further ORDERED that the Settlement Class is officially certified for purposes of effectuating this settlement.

14.     The parties are hereby ORDERED to promptly carry out their respective obligations under the Settlement Agreement and JND is hereby DIRECTED to complete the administration of this settlement in a manner consistent with the Settlement Agreement.

15.     In accordance with the Settlement Agreement, the Settlement Administrator shall issue payment to Class Counsel for attorneys' fees in the amount of $1,000,000.00 and costs in the amount of $9,567.51.  Class Counsel is further directed to seek reimbursement from JND for any settlement administration services advanced on behalf of the Settlement Class.

16.     In accordance with the Settlement Agreement, the Settlement Administrator shall issue payments of $5,000.00 each to Plaintiff Sia Gould and Plaintiff Donald Max Kimball as an enhancement award for their time, efforts, and dedication to this litigation and resolution of the same.

17.     In accordance with the Settlement Agreement, the Settlement Administrator shall pay itself for the actual costs of settlement administration, not to exceed $19,700.00.

18.     All Released Claims of each member of the Settlement Class (as defined in the Settlement Agreement) are hereby DISMISSED with prejudice.

19.     Judgment is hereby ENTERED for purposes of Federal Rules of Civil Procedure 58 and 79, and the time period for filing any notice of appeal shall commence on the date of entry of this Order and Judgment.  Without affecting the finality of this

ORDER GRANTING
FINAL APPROVAL OF CLASS
ACTION SETTLEMENT – 6
C19-5691 TSZ

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

1  Order and Judgment, the Court retains continuing and exclusive jurisdiction over the

2  interpretation, consummation, administration, implementation, effectuation, and

3  enforcement of the Settlement Agreement and the distribution of payments required

4  therein.  The Court further retains jurisdiction to enforce this Order entered this day.

5       20.     The Clerk is directed to send a copy of this Order and Judgment to all

6  counsel of record and to CLOSE this case.

7       **IT IS SO ORDERED.**

8

9       DATED this 3rd of June, 2022.

10

11

12       _____

13       Thomas S. Zilly
         United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING
FINAL APPROVAL OF CLASS
ACTION SETTLEMENT – 7
C19-5691 TSZ

**HKM EMPLOYMENT ATTORNEYS LLP**
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504