IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRANK "JOE" MENDEZ, an individual, on behalf of himself and others similarly situated; DONALD MAX KIMBALL, an individual, on behalf of himself and others similarly situated; and SIA GOULD, an individual, on behalf of herself and others similarly situated,

Plaintiffs,

vs.

STEELSCAPE WASHINGTON, LLC, a Washington limited liability company; and STEELSCAPE, LLC, a foreign limited liability company,

Defendants.

C19-5691 TSZ

**ORDER**

The stipulated motion, docket no. 58, brought by plaintiffs Frank "Joe" Mendez, Donald Max Kimball, and Sia Gould, on behalf of themselves and other similarly situated persons, and defendants Steelscape Washington, LLC and Steelscape, LLC (collectively, the "Parties") is GRANTED as follows. As explained by the Parties and the Settlement Administrator (JND Legal Administration), certain funds were retained from the net

ORDER – 1
Case No. 3:19-cv-05691-TSZ

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

settlement proceeds as an estimate of the payroll tax consequences relating to the awards distributed to the Settlement Class, but the taxing authority did not assess a tax rate equal to the estimate of the Settlement Administrator, and surplus settlement funds in the amount of $59,076.13 remain in the Settlement Administrator's possession.  The Parties have requested permission to distribute these funds to the Settlement Class, and the Court hereby APPROVES the plan proposed by the Parties.

IT IS HEREBY ORDERED AND ADJUDGED as follows:

1. The Court has continuing jurisdiction over the subject matter of the Action and the Parties, including all members of the Settlement Class, and venue is proper in the District.

2. The Court finds that the Settlement Administrator successfully provided all calculated proportional payments to the Settlement Class, with each eligible member cashing the checks for their respective awards.  Dolman Decl., at ¶3, Ex. A.

3. The Court approves the Parties' plan, as set forth in their stipulated motion, docket no. 58, to disburse the funds that were withheld by the Settlement Administrator. The Settlement Administrator is hereby authorized to take prompt action to make appropriate and proportional distributions of the remaining fund of $59,076.13.  The proportional distributions shall occur in the same manner as before, with each Class Member receiving a share in accordance with Paragraph 10 of the Settlement Agreement.  Dkt. 33, pp. 11-25, ¶10.

4. The remaining distributions are expected to be small, and treating these payments as payroll checks would increase the burden and cost of the intended final payments to each eligible member of the Settlement Class.  As a result, the Court agrees that each supplemental payment shall be identified as a non-wage distribution arising from the excess withholding by the Settlement Administrator.  The Settlement Administrator is

ORDER – 2
Case No. 3:19-cv-05691-TSZ

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504

further directed to issue a Form 1099 for each additional distribution to the Settlement Class.

5. The Court approves the proposal that each additional payment is required to be negotiated within a 60-day window beyond issuance of these surplus payments.

6. The Court approves the explanatory letter that will accompany each additional payment to the Settlement Class. Dolman Decl., at ¶7, Ex. C. The Settlement Administrator is directed to provide this explanatory letter, along with each proportional payment, to the Settlement Class.

7. The Court finds that the withheld fund totaling $59,076.13 will not be reduced by way of this additional approved distribution. Pursuant to Paragraph 7 of the Settlement Agreement, the Parties are ordered to split any additional distribution expenses evenly between Plaintiffs' Counsel and Defendants. Dkt. 33, pp. 11-25, ¶7. The Settlement Administrator shall receive no more than $3,000.00 for services related to this supplemental distribution.

8. The Court further orders that, should any additional award payment remain unclaimed and/or undistributed beyond the approved 60-day window, the Parties and the Settlement Administrator shall tender any remaining funds appropriately pursuant to the terms of the Settlement Agreement. Dkt. 33, pp. 11-25, ¶11.h.

**IT IS SO ORDERED.**

DATED this 13th of June, 2023.

Thomas S. Zilly
United States District Judge

ORDER – 3
Case No. 3:19-cv-05691-TSZ

HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, Washington 98101
Tel: (206) 838-2504